UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 05-40001-FDS |
| v. | ) | |
| | ) | |
| | ) | |
| SAMUEL J. LEWIS, | ) | |
| a/k/a SHAHEED LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER

Now comes the United States of America, by its attorneys, Michael J. Sullivan, United States Attorney, and B. Stephanie Siegmann, Assistant U.S. Attorney, and hereby moves for the entry of a Protective Order, in the form attached hereto.

As grounds for this motion, the government states that a protective order is necessary in this case to protect against the unauthorized disclosure or dissemination of personal bank records of a third-party witness, which will be provided to or made available to defense counsel by the government during the prosecution of this case.  The protective order is required to protect the privacy rights of this witness.

The government obtained copies of the above-described records from a financial institution and has determined that these documents are relevant to the prosecution of the defendant in this case.  The government is prepared to make these documents available to defense counsel provided safeguards are implemented

to protect the privacy rights of the account holders.  The

government is required pursuant to the Right to Financial Privacy

Act, 12 U.S.C. § 3401-3422, to protect the privacy rights of

customers of financial institutions and upon the conclusion of an

investigation, to destroy or return to the financial institution

the bank documents produced.  The Protective Order therefore

requires any copies of the bank records provided to defense

counsel in this case to be maintained at the Federal Defenders

Office and upon conclusion of the case, those copies to be

returned to the United States Attorney's Office for destruction

or return to the bank as required by 12 U.S.C. § 3420 (a)(3).


Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ B. Stephanie Siegmann
B. STEPHANIE SIEGMANN
Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

    I do hereby certify that a copy of foregoing motion and proposed order was served upon the counsel listed below by electronic notice on this 1st day of March 2005:


                Timothy Watkins
                Federal Defender Office
                408 Atlantic Avenue
                Boston, MA 02110


                    <u>/s/ B. Stephanie Siegmann</u>
                    B. Stephanie Siegmann
                    Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 05-40001-FDS |
| v. | ) | |
| | ) | |
| | ) | |
| SAMUEL J. LEWIS, | ) | |
| a/k/a SHAHEED LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## PROTECTIVE ORDER

This matter comes before the Court upon the Motion of the United States for a Protective Order to prevent the unauthorized disclosure or dissemination of personal bank records of a third-party witness, which will be provided to or made available to defense counsel by the government during the prosecution of this case.

Based upon the Motion, it is hereby ORDERED:

1.  The defendant's counsel, Timothy Watkins of the Federal Defender Office, shall be given access to, and/or copies of, the bank records of the witness within the possession, custody, and control of the U.S. Attorney's Office.

2.  Copies of the bank records may be maintained by Mr. Watkins at the Federal Defender Office and any other office used by Mr. Watkins.  Mr. Watkins may use these records during the pendency of this case for any lawful purpose (including, but not limited to, preparation for defense and court filings) and may show these records to the Defendant.  No person except the

Defendant, counsel (and paralegals or office staff of the Federal Defender Office), and any experts hired to assist in this case shall have access to these bank records.

3.   Upon conclusion of this case, the defense counsel shall return to the U.S. Attorney's Office any and all copies of the bank records made and maintained by defense counsel for destruction or return to the financial institution pursuant to the government's obligations under 12 U.S.C. § 3420 (a)(3).


SO ORDERED this _____ day of March, 2005, at Worcester, Massachusetts.


_____
CHARLES B. SWARTWOOD
Chief Magistrate Judge