UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-40001-FDS |
| | ) | |
| SAMUEL J. LEWIS | ) | |

MOTION IN LIMINE RE: DEFENDANT'S LIMITED FINANCIAL MEANS

Defendant moves that the government be precluded from eliciting testimony, introducing evidence, and arguing during its closing any inference concerning defendant's financial situation during the period at issue as it relates to his ability to buy the weapons at issue in the indictment.  Specifically, the government should be precluded from eliciting or referring to (a) the aggregate cost of the weapons that are the subject of the indictment, and (b) the fact that Lewis was late with his child support payments to his ex-wife, Angela Mangrum.  The gravamen of the offenses have nothing to do with any money paid for the weapons purchased; rather, the government alleges only that defendant lied when he stated his residence address in the forms and, in two of the counts, that he lied when he stated he was purchasing the weapons for himself.  The proffered testimony about his financial situation and the cost of the weapons in total therefore lacks relevance to the charged conduct and must be excluded.  See Fed. R. Evid. 401, 402.

Even were the proffered introduction of and testimony about

Lewis's financial situation to have some marginal probative value, it carries such a high likelihood of unfair prejudice, confusion and waste of time and that it should be excluded pursuant to Fed. R. Evid. 403.  See United States v. Fulmer, 108 F.3d 1486, 1497-98 (1st Cir. 1997) (reversing conviction where references to the Oklahoma City bombing, while of some probative value, tremendously outweighed by prejudicial impact); United States v. Rodriguez-Cortes, 949 F.2d 532, 541 (1st Cir. 1991) (reversing conviction where introduction of defendant's Colombian identification card, although relevant, presented impermissible danger of conviction on improper basis).  The only possible reason for linking Lewis's precarious financial situation with the aggregate value of the weapons is to suggest to the jury that Lewis's actions in purchasing the weapons at all were wrong, thus inviting conviction on a ground that has nothing to do with the theory of criminal culpability the government has laid out in the indictment.

    Moreover, the aggregate value of the weapons is unfairly misleading and invites substantial confusion.  Discovery substantiates that Lewis's purchases of the sixteen weapons were largely "recycled," i.e., accomplished through trades of one weapon for another.  The aggregate cost of the weapons is thus meaningless in addition to being irrelevant.

    The defendant's limited financial means as it relates to his

predilection for purchasing the weapons should therefore be excluded in its entirety and the government should be precluded from referring to the issue at trial.

Angela Mangrum's proffered testimony that Lewis was late or did not pay child support during 2002 and 2003 is independently inadmissible under Fed. R. Evid. 404(b). To be admissible, 404(b) evidence must have both "special relevance" and not include bad character or propensity as a necessary link in the inferential chain. United States v. Varoudakis, 233 F.3d 113, 118 (1st Cir. 2000). Further, even if specially relevant, the evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Id.

The government has not established the special relevance necessary for admission. Indeed, as noted above, the government has not and cannot establish any relevance at all. Far from proof of a recognized exception to Fed. R. Evid. 404, evidence of Lewis's inability to pay child support instead appears to be precisely the type of evidence prohibited by Fed. R. Evid. 404(a) and (b): evidence aimed at portraying defendant's character in a negative light or to show a propensity for bad acts. See Varoudakis, 233 F.3d at 124.

For the forgoing reasons, defendant submits that the proffered evidence, testimony, and argument about Lewis's limited financial means should be excluded.

```
                              SAMUEL LEWIS
                              By His Attorney,



                              /s/ Timothy Watkins
                              Timothy G. Watkins
                              Federal Defender Office
                              408 Atlantic Ave. 3rd Floor
                              Boston, MA  02110
                              Tel: 617-223-8061
```

CERTIFICATE OF SERVICE

    I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 5, 2006.