UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-40001-FDS |
| | ) | |
| SAMUEL J. LEWIS | ) | |

MOTION IN LIMINE RE: INTRODUCTION OF WEAPONS AS EXHIBITS

Defendant moves that the government be precluded from introducing the actual weapons purchased by Lewis into evidence during trial. Lewis is not charged with possession of the weapons or any other charge which requires examination by the jury to determine an issue germane to any element of the offense. The sum total of most of the offenses is that defendant lied when he stated his residence address and/or that he was the actual purchaser on the forms; under the statute the government intends to prove at trial, the offenses were completed when Lewis submitted the form to the Federal Firearms Licensee (FFL). Each FFL is expected to testify that he exchanged an actual weapon upon completion of the transaction. There will necessarily be no dispute that a transaction involving a real weapon occurred - the form at issue would not have been required otherwise. Consequently, the actual nature of the weapons is irrelevant to the charged conduct and must be excluded. See Fed. R. Evid. 401, 402.

Even were the proffered introduction of and testimony about

Lewis's financial situation to have some marginal probative value, it carries such a high likelihood of unfair prejudice, confusion and waste of time and that it should be excluded pursuant to Fed. R. Evid. 403.  The government's exhibition of sixteen weapons - many that look to the layperson, wrongly, as akin to assault weapons - is highly likely to result in an appeal to emotion rather than an objective consideration of the actual charges in the indictment.  See United States v. Fulmer, 108 F.3d 1486, 1497-98 (1st Cir. 1997) (reversing conviction where references to the Oklahoma City bombing, while of some probative value, tremendously outweighed by prejudicial impact); United States v. Rodriquez-Cortes, 949 F.2d 532, 541 (1st Cir. 1991) (reversing conviction where introduction of defendant's Colombian identification card, although relevant, presented impermissible danger of conviction on improper basis).

For the forgoing reasons, defendant submits that the government should be prohibited from offering the actual weapons themselves into evidence.

                                        SAMUEL LEWIS
                                        By His Attorney,


                                        /s/ Timothy Watkins
                                        Timothy G. Watkins
                                        Federal Defender Office
                                        408 Atlantic Ave. 3rd Floor
                                        Boston, MA  02110
                                        Tel: 617-223-8061

<u>CERTIFICATE OF SERVICE</u>

    I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 5, 2006.