```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                              )
        v.                    )   CRIMINAL NO. 05-40001-FDS
                              )
SAMUEL J. LEWIS               )
```

## DEFENDANT'S REQUESTED
## VOIR DIRE OF PROSPECTIVE JURORS

Defendant, Samuel J. Lewis, respectfully moves, pursuant to Fed. R. Crim. P. 24(a), that this Court ask the following questions of prospective jurors.  As part of the examination, Mr. Lewis requests that the Court also have the jurors complete a questionnaire or, in the alternative, that the Court conduct a brief individualized examination of the prospective jurors concerning their attitudes toward African Americans and the possession of firearms. See infra, Part V.

**I.   THE PARTIES, WITNESSES, AND THE INDICTMENT**

1.  Do you know the defendant, Samuel Lewis, the government's attorneys [name individually], the defendant's attorneys [name individually] or any of the possible witnesses in this case [name individually]?

2.  Mr. Lewis is charged in an indictment with making false statements on certain forms he filled out in connection with transactions to purchase firearms in 2002 and 2003.  Specifically, the government alleges that on some of the forms Mr. Lewis lied about his address and that on some of the forms

Mr. Lewis lied by indicating that he purchased the guns for himself.  Is there anything about these charges that makes you question your ability to be fair and impartial in evaluating the evidence?

    3.  An indictment is just a formal way for the government to bring accusations before the court.  It is not to be considered by you as evidence of guilt.  Do you have any opinions as to the guilt or innocence of Mr. Lewis based on the mere fact that he has been indicted?

    4.  Mr. Lewis is presumed innocent unless the government proves to each member of the jury that he is guilty, beyond a reasonable doubt.  If the government fails to convince each juror beyond a reasonable doubt of each of the elements of the offenses charged, Mr. Lewis must be found not guilty.  Do you question or doubt in any way your ability to accept the presumption of innocence?  Do you question or doubt in any way your ability to hold the government to its burden of proof?  Would you have any hesitation in finding Mr. Lewis "not guilty" if you were not persuaded beyond a reasonable doubt by the government's case?

    5.  The presumption of innocence means that Mr. Lewis does not have to prove his innocence.  He is not required to testify, or to call any witnesses.  The fact that he does not testify, or does not present witnesses, may not be held against him.  If Mr. Lewis does not testify, or does not present any witnesses, would

you hold that against him in any way?  Do you think that a person who is not guilty should testify or should present witnesses to prove his innocence?

**II.  CONNECTIONS WITH AND ATTITUDES TOWARD LAW ENFORCEMENT**

6.  Have you or any of your relatives or close friends ever worked for a law enforcement agency, including any federal law enforcement agency, police department, sheriff's department, prison or jail, district attorney's office, attorney general's office, or other prosecutor's office, security agency or victim service organization?

7.  Have you or any of your relatives or close friends ever worked as a private investigator or security guard?  If so, did the work include making arrests?

8.  Have you heard or read anything, or do you have any opinions about crime or about law enforcement, that would affect your ability to evaluate the evidence fairly and impartially in this case?

9.  Have any newspaper articles, television reports, or other media coverage about crime, shootings, violence, or firearms affected you in a way that would make it difficult for you to fairly and impartially decide this case solely upon the evidence presented at trial?

10.  Have you or anyone close to you ever been involved in a criminal court proceeding in any way, whether as a defendant or a

witness?

11.  Would you tend to believe a law enforcement officer's testimony simply because of the witness' official position?

12.  Do you have any sympathies with law enforcement officials that would make it difficult for you to be completely neutral in deciding whether the testimony of law enforcement personnel is truthful and worthy of belief?

13.  Have you, any member of your immediate family, or any close friend, been a victim of or witness to any crime? [If yes, follow up individually with the following:

    a.  Did the crime involve the use of a gun?

    b.  What was the crime?

    c.  Do you think that experience might affect your ability to decide this case fairly and impartially?]

### III.  PRIOR JURY SERVICE

14.  Have you served on a jury before?  [If prospective juror answers yes, follow up with the following questions:

    a.  Was it a jury in a criminal or civil case?

    b.  (If the prior service was in a criminal case)  Did you reach a verdict?

    c.  (If the prior service was in a criminal case)  Was there anything about your prior service that you intend to apply or will apply to your present service, if you are chosen to sit on this jury?

    d.  (If the prior service was in a criminal case)  What in your prior service would you apply to the present case, if you are chosen?

    e.  (If the prior service was in a civil case)  Do you realize that there is a higher standard of proof in criminal cases?

    f.  (If the prior service was in a civil case)  Was there anything about your prior service that you intend to apply or will apply to your present service, if you are chosen?]

**IV.  DISABILITY OR IMPAIRMENT**

15.  Do you have any physical or emotional disability that might interfere with your ability to serve?

16.  Are you taking any medication which in any way would interfere with your ability to give your full attention to the trial?

17.  Do you know of any reason why you might not be able to evaluate the evidence in this case fairly and objectively?

18.  Do you know of any reason why it would be inappropriate or difficult for you to be a juror in this case?

**V.   ATTITUDES TOWARD AFRICAN AMERICANS AND FIREARMS**

[Defendant submits that the Court should make individualized inquiry of the remaining prospective jurors on the sensitive subject of their attitudes toward African Americans and the possession of firearms.  Defendant is prepared to submit a jury

5

questionnaire, with the Court's approval.  If, however, the Court prefers not to use a questionnaire, defendant requests that the following questions be asked individually.  It is critical to ensure selection of jurors who can objectively evaluate the evidence and who will not view the case as a referendum on guns generally.]

Defendant submits that the Court should make the following individualized inquiry of the jurors:

19.  You have no legal obligation to like or feel comfortable with a black person but you do have an obligation to tell the court your feelings candidly and accurately.  Do you have any feelings or opinions about black people that would cause you to question your ability to be impartial in evaluating the evidence in this case?

20.  Do you believe that black people are more likely to commit crimes than persons of other races or ethnic groups?

21.  Do you believe that black people are less truthful than members of other races or ethnic groups?

22.  As I mentioned before, Mr. Lewis is charged with lying on certain forms he filled out in connection with transactions to purchase firearms.  He is <u>not</u> charged with illegal possession of the firearms, nor is he accused of doing anything improper with the firearms.  Do you have any opinions about the possession of firearms that might make it difficult for you to be impartial in

this case?

>SAMUEL LEWIS
>By His Attorneys,
>
>/s/ William Fick
>
>Timothy G. Watkins
>William W. Fick
>Federal Defender Office
>408 Atlantic Ave. 3rd Floor
>Boston, MA  02110
>Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, William W. Fick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 5, 2006.