```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
         v.                   )     CRIMINAL NO. 05-40001-FDS
                              )
Samuel J. Lewis               )
a/k/a Shaheed Lewis           )
                              )
         Defendant.           )
                              )
```

## GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE ANY REFERENCE BY DEFENSE TO THE CRIMINAL CONVICTIONS OF GOVERNMENT WITNESSES JAMES QUILL AND WILLISTINE JOHNSON

The United States of America, by Michael J. Sullivan, United States Attorney, and B. Stephanie Siegmann, Assistant United States Attorney for the District of Massachusetts, hereby moves this Court, *in limine*, for an order precluding the defense from asking questions of government witnesses James Quill ("Quill") and Willistine Johnson ("Johnson") about their criminal convictions for welfare fraud and larceny on the grounds that these convictions are more than 20 years old.

In 1985, Quill, now retired and a resident of 59 Evelyn Street (known as Emanuel Village), a subsidized property for the elderly and disabled located in Worcester, was convicted of a welfare violation and larceny. He was sentenced to four years of probation. Quill has lived on the same floor of 59 Evelyn Street as the defendant's mother, Sherriel Lewis, since approximately 2001. The government anticipates that Quill will testify that he never saw the defendant at 59 Evelyn Street and that he did not

live there.

During the acquisition of firearms, the defendant used his mother's address as his own on 13 of the 15 ATF Forms 4473 at issue in this case.  The government will prove at trial that the defendant did not live at 59 Evelyn Street, Worcester but rather lived at 236 Constitution Avenue, Worcester.  Accordingly, the defendant's statements that his "residence address" was 59 Evelyn Street, Worcester, MA on 13 ATF Forms 4473 between October 2002 and September 2003 were false.

Johnson, who was employed as the housing manager of Emanuel Village from approximately 2001 to 2003, was convicted of welfare fraud in 1977, almost thirty years ago.  Johnson is expected to testify: that Sherriel Lewis rented apartment 503 at 59 Evelyn Street, Worcester, MA beginning in November 2001; that no one else lived with her at this apartment; Johnson had granted Sherriel Lewis permission to allow her son, Samuel Lewis, and his family to stay in the apartment for a two-week visit in January 2002; because Johnson received complaints that Samuel Lewis was continuing to visit his mother in her apartment for more than two weeks in violation of her lease, in March 2002, Johnson wrote a letter to Sherriel Lewis advising her that guests were not allowed to stay for more than two weeks and threatened that she was in jeopardy of losing her housing as a result; and after sending this letter to Sherriel Lewis, Johnson stopped seeing

Samuel Lewis' vehicle at 59 Evelyn Street except for brief occasions when Samuel Lewis would visit his mother.

Under Federal Rule of Evidence 609, evidence of a conviction, including for a crime involving dishonesty, "is not admissible if a period of more than ten years has elapsed since the date of the conviction . . . unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). See Wierstak v. Heffernan, 789 F.2d 968, 971-72 (1st Cir. 1986) (upholding exclusion of 1971 convictions, which were more than ten years old, for theft and drug use); see also United States v. Brown, 603 F.2d 1022, 1028-29 (1st Cir. 1979) (upholding district court's ruling that if criminal defendant testified his prior convictions for petty larceny and burglary, although more than ten years old, were admissible because the probative value of convictions substantially outweighed prejudicial effect where recent criminal activity of defendant negated assumption underlying ten year limit that defendant's veracity had improved and defendant had blamed another person for crime whose credibility was severely attacked ). Here, both convictions are more than twenty years old. Neither Quill nor Johnson has been convicted of any other crimes since 1981 and

1977 respectively.[1]  To allow the defense to question their veracity based upon stale convictions would be unfairly prejudicial.  In other words, the probative value of these remote criminal convictions coupled with the defendant's need to question these relatively minor witnesses is substantially outweighed by the prejudicial effect.

For the foregoing reasons, the government respectfully requests this Court enter an Order to preclude the defense from asking questions about, or otherwise referring, to the criminal convictions of government witnesses James Quill and Willistine Johnson.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ B. Stephanie Siegmann
B. STEPHANIE SIEGMANN
Assistant U.S. Attorney


Certificate of Service

I do hereby certify that a copy of the foregoing motion was served upon Mr. Timothy Watkins by electronic notice on this 5th day of July 2006.

/s/ B. Stephanie Siegmann
B. Stephanie Siegmann
Assistant U.S. Attorney

---

[1] Johnson's Massachusetts criminal history contains an open matter from 1992 involving a $60.00 bounced check, a larceny. The record indicates that a default warrant was issued.  We are in process of determining whether Johnson is aware of this warrant.