UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )    CRIMINAL NO. 05-40001-FDS
        v.                      )
                                )
                                )
SAMUEL J. LEWIS,                )
a/k/a SHAHEED LEWIS,            )
                                )
        Defendant.              )
                                )

**GOVERNMENT'S REQUESTS FOR JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and B. Stephanie Siegmann, Assistant United States Attorney for the District of Massachusetts, hereby submits its requests for jury instructions in the above-captioned matter. The government respectfully reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions and/or the evidence presented at trial.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney

                    By: /s/ B. Stephanie Siegmann
                        B. STEPHANIE SIEGMANN
                        Assistant U.S. Attorney

Dated: July 5, 2006

<u>Certificate of Service</u>

I do hereby certify that a copy of the foregoing government's proposed jury instructions was served upon Mr. Watkins by electronic notice on this 5th day of July 2006.

<u>/s/ B. Stephanie Siegmann</u>
B. Stephanie Siegmann
Assistant U.S. Attorney

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 1**
**(PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT)**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his/her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is the matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, SAMUEL J. LEWIS, has the benefit of that of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. SAMUEL LEWIS has the right to rely upon the failure or inability of the government to establish

1

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 1 (cont'd)**

beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict him.

First Circuit Pattern Jury Instructions (Criminal), Instr. 3.02 (1998).

2

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 2
### (PUNISHMENT)

The question of possible punishment of the defendant is of
no concern to the jury and should not, in any sense, enter into
or influence your deliberations.  The duty of imposing sentence
rests exclusively with me as the presiding judge in this case.
Your function is to weigh the evidence in the case and to
determine whether or not the defendant is guilty beyond a
reasonable doubt, solely upon the basis of such evidence.  Under
your oath as jurors, you cannot allow a consideration of the
punishment which may be imposed upon the defendant, if she is
convicted, to influence your verdict in any way, or in any sense
enter into your deliberations.

1 L. Sand, Modern Federal Jury Instructions (Criminal), ¶9.01,
Instruction No. 9-1 (2005).

3

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 3**
**(DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES)**

**Direct and Circumstantial Evidence**

There are two types of evidence which you may use to determine the facts of a case:  direct evidence and circumstantial evidence.  Direct evidence is evidence of what a witness sees, hears, touches, smells or otherwise perceives with one of his or her senses.  Direct evidence is testimony of one who asserts actual knowledge of a fact, such as an eyewitness.

Circumstantial evidence exists where a witness does not testify directly about the fact that is to be proved.  Instead, you are presented with evidence of other facts and asked to draw reasonable inferences from them about the fact which is to be proved.  Circumstantial evidence is of no less value than direct evidence.

**Inferences**

Your power to draw inferences is an important power that you must use while considering and evaluating the evidence.  An inference is a permissible deduction that you may make from evidence that you have accepted as believable.  It is not a suspicion or guess.  It is a reasoned, logical decision that one fact exists on the basis of another fact which you know exists.  You draw an inference when you take some known information, apply your experience in life to it, and then draw a conclusion.

4

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 3 (cont'd)**

Some inferences may be consistent with guilt, and some may be consistent with innocence.  When an essential element of a crime has not been proven by direct evidence such as evidence of what somebody saw, or heard, or in some way perceived with one of the five senses, you must use your collective and general knowledge to determine whether that element has been established by inferences reasonably drawn from other evidence.

K. O'Malley, et al., Federal Jury Practice and Instructions, §§ 12.04, 12.05 (5th ed. 2000); 1 L. Sand, et al., Modern Federal Jury Instructions, Instruction Nos. 5-2 and 6-1 (2005).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
### (CREDIBILITY OF WITNESSES)

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or the unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

First Circuit Pattern Jury Instructions (Criminal), Instr. 3.06 (1998).

6

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 5**
(**ENTIRE EVIDENCE SHOULD BE CONSIDERED**)

It is necessary that every essential element of the crimes charged in the indictment in this case be proved by evidence beyond a reasonable doubt.  It is not necessary that each supporting fact be proved beyond a reasonable doubt.  Evidence should not be considered in fragmentary parts and as though each fact or circumstance stood apart from the others.  The entire evidence should be considered and the weight of the evidence should be determined from the whole body of evidence.

Huddleston v. United States, 485 U.S. 681 (1988); Bourjaily v. United States, 483 U.S. 171 (1987); United States v. Bottone, 365 F.2d 389, 392 (2d Cir. 1966), cert. denied, 385 U.S. 974 (1966).

7

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
### (IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT)

You have heard evidence that before testifying at this trial, Clarence Plant made statements concerning the same subject matter as their testimony in this trial.  You may consider those earlier statements to help you decide how much of the witnesses' testimony to believe.  If you find that the prior statement was not consistent with a witness' testimony at this trial, then you should decide whether that affects the believability of that witness.

First Circuit Pattern Jury Instructions (Criminal), Instr. 2.02 (1998).

8

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7
### ("ON OR ABOUT")

You will note that the indictment charges that the offenses were committed "on or about" certain dates rather than "on" a certain date.  The proof need not establish with certainty the exact dates of the alleged offenses.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

1 L. Sand, et al., Modern Federal Jury Instructions (Criminal), Instruction No. 3-12 (2005); K. O'Malley, et al., Federal Jury Practice and Instructions, § 13.05 (5th ed. 2000); United States v. Morris, 700 F.2d 427 (1st Cir. 1983), cert. denied, 461 U.S. 947 (1983); United States v. Brody, 486 F.2d 291 (8th Cir. 1973).

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 8</u>
### (INDICTMENT)

With these preliminary instructions in mind, let us turn to the charges against the defendant in the indictment. An indictment is not evidence. It merely describes the charges made against the defendant. It is an accusation. It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.

The defendant has pled "not guilty" to each charge in the Indictment. When a defendant pleads "not guilty," the government has to prove each of the things that is a part of the definition of an offense charged in the Indictment. We commonly call the things the government has to prove as to a particular offense the "elements" of that offense. The government has the burden of establishing each of these elements by proof beyond reasonable doubt.

An indictment may allege more than one charge against a defendant. When it does, the different charges are stated separately in what we call counts. You must give separate consideration to each separate charge. You must consider each

10

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 8 (cont'd)**

count separately, weighing separately the evidence as it bears

against the defendant.

1 L. Sand, et al., <u>Modern Federal Jury Instructions (Criminal)</u>, Instruction No. 3-1 (2005); K. O'Malley, et. al., <u>Federal Jury Practice and Instructions</u>, §13.04 (5th ed. 2000); <u>United States v. Medina</u>, 761 F.2d 12, 21 (1st Cir. 1985).

11

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9
### (OVERVIEW OF THE INDICTMENT)

The indictment in this case contains seventeen (17) counts or charges against the defendant, SAMUEL J. LEWIS.

Counts 2 and 5 each charge the defendant with making false statements to a licensed firearms dealer in connection with the purchase of a firearm, which statements were intended to, or likely to, deceive the dealer about a fact material to the lawfulness of the sale.

Counts 1, 3—4, and 6—17 each charge the defendant with making false statements, in connection with the purchase of a firearm, with respect to information required to be kept in any record a licensed firearms dealer is required by Federal law to maintain.

12

## GOVERNMENT'S REQUEST NO. 10
### (COUNTS 2 and 5)

In Counts 2 and 5 of the Indictment the defendant is charged with making false statements in connection with the purchase of firearms in violation of Section 922(a)(6) of Title 18 of the United States Code.  This criminal statute makes it a federal crime for any person to knowingly make a false statement in connection with the purchase of a firearm.  In order to find the defendant guilty, you must be convinced that the government has proven each of the following three elements beyond a reasonable doubt:

> FIRST:    That the defendant made a false statement while purchasing or attempting to acquire a firearm from a licensed dealer;

> SECOND:   That the defendant knowingly made the false statement; and

> THIRD:    That the statement was intended to, or likely to, deceive the licensed firearms dealer about a fact material to the lawfulness of the sale.

18 U.S.C. §§ 922(a)(6);K. O'Malley et. al., Federal Jury Practice and Instructions, §79 (1988 ed.); United States v. Petitjean, 883 F.2d 1341 (7th Cir. 1989).

13

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 11</u>
### (DEFINITION OF "FIREARM")

The term "firearm" means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. . ."  This definition includes handguns, rifles and shotguns.

18 U.S.C. § 921(a)(3); 18 U.S.C. §921(a)(5)-(7).

14

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 12**
**(ELEMENT - "FALSE STATEMENT")**

A statement is "false" if it was untrue when made and was then known to be untrue by the person making it.  A false statement is likely to deceive if the nature of the statement, considering all of the surrounding circumstances at the time, would probably mislead or deceive a reasonable person of ordinary prudence.

Eleventh Circuit Pattern Jury Instructions, Criminal Offense Instruction No. 30.7 (1997).

15

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 13**
**(ELEMENT - "MATERIAL")**

A fact is material if it has a natural tendency to influence or to be capable of influencing the decision of the licensed firearms dealer as to whether it is lawful to sell the firearm to the buyer, regardless of whether the licensed dealer actually relies upon the statement.

United States v. Arcadipane, 41 F.3d 1, 7 (1st Cir. 1994).

16

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 14
### (COUNTS 1, 3-4, 6—17)

In Counts 1, 3—4, 6—17 of the Indictment the defendant is
charged with making false statements or representations with
respect to information a licensed firearms dealer is required by
federal law to keep in violation of Section 924(a)(1)(A) of Title
18 of the United States Code.  This criminal statute makes it a
federal crime for any person to knowingly make any false
statement or representation with respect to information required
to be maintained in the records of a licensed firearms dealer.

Sections 922 and 923 of Title 18 of the United States Code
specify the types of information that licensed firearms dealers
are required to maintain.  At a minimum, a licensed firearms
dealer must maintain in its records "the name, age, and place of
residence" of any individual who purchases a firearm from its
place of business.  18 U.S.C. §922(b)(5).  An ATF Form 4473,
which contains information about the identity of individuals
(i.e, name, age, and place of residence) who purchase firearms,
is a record that federally licensed firearms dealers are required
by federal law to keep or maintain.

In order to find the defendant guilty of Counts 1, 3—4,
6—17, you must be convinced that the government has proven each

17

## <u>GOVERNMENT PROPOSED INSTRUCTION NO. 14 (cont'd)</u>

of the following three elements beyond a reasonable doubt:

<u>FIRST</u>:    That the defendant made a false statement or representation in the records of person who was a federally licensed firearms dealer at the time the offenses occurred;

<u>SECOND</u>:    That the records in which the defendant made a false statement or representation were records that the licensed firearms dealer was required by federal law to maintain; and

<u>THIRD</u>:    That the defendant knowingly made the false statement or representation.

18 U.S.C. §924(a)(1)(A); <u>United States v. Nelson</u>, 221 F.3d 1206 (11th Cir. 2000); <u>United States v. Howell</u>, 37 F.3d 1197 (7th Cir. 1994).

18

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 15**

**(DEFINITION OF "KNOWINGLY")**

The word "knowingly" as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident. A false statement made "knowingly" if the person making it knows that it is false or demonstrates a reckless disregard for the truth, with a conscious purpose to avoid learning the truth.

First Circuit Pattern Jury Instructions (Criminal), Instr. 2.13 (1998); United States v. Tracy, 36 F.3d 187, 194-95 (1st Cir. 1994); United States v. Santiago-Fraticelli, 730 F.2d 828, 831 (1st Cir. 1984)("[W]hen a person recklessly fails to ascertain the meaning of the questions contained in Form 4473 and simply answers the questions without regard to whether the answers are truthful," he is acting "knowingly" for purposes of 18 U.S.C. §922(a)(6)).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 16**
**(ELEMENT - PROOF OF KNOWLEDGE OR INTENT)**

In considering whether the government has proven that the defendant acted knowingly and with intent to commit the crimes charged, note that knowledge or intent may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. Intent may be established by circumstantial evidence and inferences drawn from all the evidence, including the person's words, actions, and conduct as of the time of the occurrence of certain events, and the circumstances surrounding those events.

In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant. You may consider all other facts and circumstances received in evidence that may aid in your determination of the knowledge or intent of the defendant. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

First Circuit Pattern Jury Instructions (Criminal), Instr. 4.14 (1998).

20

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 17</u>
### (STIPULATIONS)

The evidence in this case includes facts to which the government and defendant have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition, fact, or document. Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Adapted from <u>First Circuit Pattern Jury Instructions</u> (Criminal), Instr. 2.01 (1998).

21

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 18</u>
### (Evidence of Defendant's Prior Similar Acts)

You have heard evidence that the defendant previously committed acts similar to those charged in this case. You may not use this evidence to infer that, because of his character, the defendant carried out the acts charged in this case. You may consider this evidence for the limited purpose of deciding:

(1) Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or

(2) Whether defendant had a motive or the opportunity to commit the acts charged in the indictment; or

(3) Whether defendant acted according to a plan or in preparation for commission of a crime; or

(4) Whether defendant committed the acts he is on trial for by accident or mistake.

Remember, this is the only purpose for which you may consider evidence of defendant's prior similar acts.  Even if you find that the defendant may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that the defendant committed the acts charged in this case.

<u>First Circuit Pattern Jury Instructions</u> (Criminal), Instr. 2.06 (1998).