UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-40001-FDS |
| ) | |
| Samuel J. Lewis ) | |
| a/k/a Shaheed Lewis ) | |
| ) | |
| Defendant. ) | |
| ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE QUESTIONS BY DEFENSE FOR PURPOSE OF ELICITING IRRELEVANT AND IMPERMISSIBLE OPINIONS OF FIREARMS DEALERS**

The United States of America, by Michael J. Sullivan, United States Attorney, and B. Stephanie Siegmann, Assistant United States Attorney for the District of Massachusetts, hereby moves this Court, *in limine*, for an order precluding the defense from (1) asking the firearms dealers questions regarding whether they would have sold firearms to the defendant if they had known defendant's correct street address in Worcester and (2) asking Clarence Edgar Floyd about his opinion as to the defendant intentions in failing to update his address with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

I. **Statement of Charges**

The Indictment charges the defendant with violating two statutes, 18 U.S.C. §922(a)(6) and 18 U.S.C. §924(a)(1)(A), by making false statements on ATF Forms 4473 in connection with acquisition of 16 firearms. In all 16 of the firearms transactions at issue here, the defendant made false statements

on the Forms 4473 about his residential address (the place where the purchased firearms would be stored). In two of these transactions, the purchase of a H&K pistol in August 2002 and Bushmaster rifle in January 2003, in addition to lying about his residential address, the defendant also made false statements about the identity of the actual purchaser of the firearms.

An individual who purchases a firearm from a federally licensed dealer must complete ATF Form 4473, which is the official firearms transaction record for intrastate, over-the-counter sales. The dealer is required to maintain these records at its place of business. Form 4473 requires the purchaser to identify himself, provide a valid "residence address", date and place of birth, social security number or other identifying number, and state of residency. In addition, the purchaser must certify that he is the actual purchaser of the firearm and state whether he is a citizen of the United States. The purchaser must also answer questions regarding his eligibility to lawfully possess firearms, including whether he is currently charged with a crime, has been convicted of a felony, uses narcotic drugs, or has ever been adjudicated mentally defective. Finally, the purchaser must sign Form 4473 certifying that his answers are true and correct.

In Counts 2 and 5, the defendant is charged with making false statements in connection with the acquisition of a firearm

in violation of §922(a)(6). More specifically, the indictment alleges that on two occasions the defendant lied on ATF Form 4473 about being the actual purchaser of the firearms, a H&K pistol and Bushmaster rifle, he was purchasing; he represented that he was the actual purchaser when in fact he knew the actual purchaser was Clarence Plant. To convict the defendant on these counts, the government must prove three elements: (1) that the defendant knowingly made a false statement as charged in the indictment; (2) that at the time he made the statement the defendant was trying to buy a firearm from a licensed dealer; and (3) that the statement was intended to, or likely to, deceive the licensed dealer about a fact material to the lawfulness of the sale. 18 U.S.C. §922(a)(6); United States v. Queen, 408 F.3d 337, 338 (7th Cir. 2005), United States v. Petitjean, 883 F.2d 1341, 1345 (7th Cir. 1989).

In Counts 1, 3 —4, 6—17, the defendant is charged with making false statements with respect to information required to be kept by a licensed firearms dealer. More specifically, the defendant is charged with making false statements as to his residential address on fifteen separate ATF Forms 4473. On two of the Forms 4473 the defendant completed and signed in August 2003, he falsely stated that he lived at a prior address of a house he rented from December 1999 to December 2001 (2 Fairlawn Drive, Worcester) and on the other forms 4473, he

falsely stated he lived at 59 Evelyn Street, Worcester (his mother's address), which is a subsidized property for the elderly and disabled.

In order for a defendant to be found guilty under §924(a)(1)(A), the government must prove three elements: (1) that the defendant made a false statement in the records of person who was a federally licensed firearms dealer at the time the offense occurred; (2) that the records in which the defendant made a false statement or representation were records that the licensed firearms dealer was required by federal law to maintain; and (3) that the defendant knowingly made the false statement.  18 U.S.C. §924 (a)(1)(A); <u>United States v. Howell</u>, 37 F.3d 1197, 1202 (7th Cir. 1994), <u>United States v. Nelson</u>, 221 F.3d 1206, 1209 (11th Cir. 2000).  There is no element of materiality in §924 (a)(1)(A).  <u>Nelson</u>, 221 F.3d at 1210 ("§924(a)(1)(A) does not require that the false statement be 'with respect to any fact material to the lawfulness of the sale'").

**II.   <u>Floyd Offers His Opinion about the Defendant's Intentions</u>**

In October 2003, after Clarence Edgar Floyd ("Floyd"), a licensed firearms dealer, was interviewed by ATF regarding Lewis' purchase of a Mossberg, short-barreled shotgun in May 2003, Floyd wrote Special Agent Michael Curran of ATF a letter.  In this letter, Floyd surmised that he was responsible for Lewis' failure to update his address with ATF or the town.  Floyd explained that

Lewis had called him but he had "not gotten back to him with the info he needed." Floyd then explained to Agent Curran the legal requirements for updating one's address with ATF. Floyd concluded the letter by stating "[b]est I can tell he's trying to do the right thing - he just doesn't know how to do it." Nowhere in this letter does Floyd provide any information relevant to the defendant's initial false statements regarding his residence address on the ATF Forms 4473. Nor has he ever provided, orally or in writing, any information that bears on this issue.

### Argument

In an effort to avoid questions that could confuse or mislead the jury, the government seeks an order from this Court prohibiting any questions of the firearms dealers regarding whether they would sold the firearms to the defendant had he not lied on the ATF Forms 4473 about his residence address and had he provided his correct street address. The government also seeks to exclude any reference to Floyd's impermissible opinion as to the defendant's intentions regarding his use of a false residential address.

The firearms dealers' opinions as to whether they would or would not sell the firearms to the defendant had the defendant not lied on the ATF Forms 4473 about his address are irrelevant to the crimes charged and any possible defenses. Accordingly, this testimony is inadmissible under Rule 402 of the Federal

Rules of Evidence. Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). Evidence is relevant if it tends to show the defendant's guilt or innocence. See Huddleston v. United States, 485 U.S. 681, 687 (1988)("evidence is relevant if it makes the existence of any fact at issue more or less probable."). Any evidence about whether the firearms dealers would have sold firearms to the defendant had they known his correct street address does neither, nor does evidence of Floyd's opinion as to the defendant's intentions.

Relevancy of evidence is determined by examining its relationship to the elements of the offense and any offered defenses, and its tendency to make any fact consequential to the determination of action more or less probable. United States v. Lamberty, 778 F.2d 59, 61 (1st Cir. 1985); United States v. Spinosa, 982 F.2d 620, 629 (1st Cir. 1992). When the proffered evidence does not have a relationship to the elements of the offense charged or defenses offered it can be properly excluded. United States v. Hurn, 368 F.3d 1359, 1365 (11th Cir. 2000). Evidence of how the gun dealer's would act had they learned of defendant's correct street address does not go to any of the elements of the §924(a)(1)(A), counts 1, 3 – 4, 6 – 17. Similarly, evidence of Floyd's opinion on the defendant's state of mind does not relate to the elements of either statute, nor is it probative of consequential facts at issue and should be

6

prohibited.

Violations of §922(a)(6) are now confined to two counts of the Indictment and relate solely to whether the defendant represented himself to be the actual purchaser on particular ATF forms 4473 when in fact he was not.  With respect to these counts, the government must prove that the false statement -- that the defendant was the actual purchaser when he was not -- was material to the lawfulness of the transactions.  While the indictment initially included charges under §922(a)(6) for using a false residential address on ATF Forms 4473, all charges relating to the defendant's false statements regarding his residential address are now brought under 18 U.S.C. §924(a)(1)(A).  Accordingly, the government no longer required to prove that the false street address was material to the lawfulness of any of the firearm transactions.  Therefore, questions of whether the firearm dealers would have sold the firearms to the defendant had they known his correct address are irrelevant to the crimes charged or any possible defenses and should be precluded.

Further, the potential action of the gun dealer's had they learned the defendant's correct address is of no consequence to determining the facts at issue in these charges.  What is at issue in these charges is whether or not the defendant made a false statement on the ATF Forms 4473.  Questions of what a gun

dealer may have potentially done would unnecessarily stray the focus of the inquiry from the charges in question and would only serve to confuse or mislead the jury.

Clarence Edgar Floyd's opinion of the defendant's intention is also not relevant to any of the legal elements of the crimes charged in the indictment, or of the consequential facts in question. Under both §922 (a)(6) and §924 (a)(1)(A), the government is not required to prove that the defendant knowingly violated the law, but rather merely that the defendant knew the statement was false. Bryan v. United States, 524 U.S. 184, 193 (1998). Floyd's opinion regarding defendant's intentions do not prove or disprove any element of the crimes charged. On the contrary, Floyd's opinion, which is based upon speculation, would only serve to confuse the jury. Floyd's simply offers an opinion as to why the defendant failed to update his address with ATF, not why he initially lied on 16 ATF Forms 4473. Further, Floyd's speculation as to the defendant's intentions constitutes impermissible opinion testimony. Fed. R. Evid. 701. Because Floyd's opinion does not shed any light on whether the defendant falsely misrepresented his residential address on ATF Forms 4473 or falsely identified himself as the actual purchaser on two ATF forms 4473, the Court should preclude any questioning of Floyd regarding his prior statements that he thought the defendant "was trying to do the right thing - he just [didn't] know how to do

it."

## CONCLUSION

For the foregoing reasons, the government respectfully requests this Court to enter an Order to (1) preclude questions soliciting the firearm dealers' opinions as to whether they would have sold the firearms to the defendant had they known of his correct street address and (2) preclude questions eliciting Clarence Edgar Floyd's opinion or speculation regarding the defendant's failure to update his address with ATF.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By: /s/ B. Stephanie Siegmann
    B. STEPHANIE SIEGMANN
    Assistant U.S. Attorney

### Certificate of Service

I do hereby certify that a copy of the foregoing motion was served upon Mr. Timothy Watkins by electronic notice on this 5th day of July 2006.

    /s/ B. Stephanie Siegmann
    B. Stephanie Siegmann
    Assistant U.S. Attorney