```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
          v.                   )    CRIMINAL NO. 05-40001-FDS
                               )
Samuel J. Lewis                )
a/k/a Shaheed Lewis            )
                               )
          Defendant.           )
                               )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO
PRECLUDE INTRODUCTION OF ACTUAL FIREARMS**

The United States of America, by Michael J. Sullivan, United States Attorney, and B. Stephanie Siegmann, Assistant United States Attorney for the District of Massachusetts, hereby opposes the defendant's motion *in limine* to preclude the government from introducing the actual firearms purchased by the defendant into evidence at trial. This case is about the fraudulent acquisition of 16 firearms. The defendant is charged with making false statements in connection with the acquisition of firearms on ATF Forms 4473. The firearms are closely intertwined with, and relevant to, the charged offenses. Although introduction of the actual firearms is prejudicial, as is the majority of relevant evidence in a criminal trial, it is not unfairly prejudicial. United States v. Santagata, 924 F.2d 391, 394 (1st Cir. 1991) ("'all evidence is meant to be prejudicial; it is only unfair prejudice which must be avoided.'") (citation omitted). Accordingly, the government should be allowed to admit the actual

firearms into evidence.

The defendant seeks to exclude the actual firearms on the grounds that they are irrelevant and unfairly prejudicial. Under Rule 403, evidence is excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. Despite any suggestion by the defense, "Rule 403 is a liberal rule under which relevant evidence generally is admitted." United State v. McManon, 938 F.2d 1501, 1508 (1st Cir. 1991). Evidence of the actual firearms, the items that the defendant lied to obtain, are admissible as the object or res gestae of the crimes.

"As Rule 403 makes explicit, the law shields a defendant against 'unfair prejudice, not against all prejudice.'" United States v. Smith, 292 F.3d 90, 99 (1st Cir. 2002). The firearms are part and parcel of the proof of the offense. The government is only seeking to admit the actual firearms obtained as a result of the falsified ATF Forms 4473; not the other firearms purchased by the defendant, three of which remain missing. In a passport fraud case, the government would be allowed to admit evidence of the fraudulently obtained passport. To meet its heavy burden of proof, the government is entitled to present the complete story of the charged offenses. The First Circuit has even recognized

such contextual evidence as admissible under Rule 404(b).  See United States v. Devin, 918 F.2d 280, 287 (1st Cir. 1990) ("evidence of uncharged conduct may reasonably be needed to relate the complete story of the charged crimes.").

There is no unfair prejudice in allowing the jury to see what is at the heart of this case: firearms.  Rule 403 does not require exclusion of prejudicial or powerful evidence.  It only excludes evidence that is unfairly prejudicial, evidence that as "'an undue tendency to suggest decision on an improper basis, commonly though not necessarily, an emotional one.'"  Old Chief v. United States, 519 U.S. 172, 180 (1997).  The government is entitled to present its strongest case against the defendant; it is not required to only present sanitized evidence or stipulate[1] to evidence that harms the defendant.  United States v. Gartmon, 146 F.3d 1015, 1021 (D.C. Cir. 1998) (Rule 403 "does not generally require the government to sanitize case, to deflate its witnesses' testimony, or to tell its story in a monotone."); see Old Chief, 519 U.S. at 187 ("[T]he familiar, standard rule [is] that . . . a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the government chooses to present it.").

---

[1] The defense recognizes that the government needs to present evidence that each of the ATF Forms 4473 resulted in the defendant obtaining a "real weapon" and concedes that it will not dispute that the defendant received an actual firearm as result of each of the completed ATF Forms 4473 at issue here.

Evidence of the defendant's activities in relation to the firearms after he fraudulently obtained them is also admissible to prove the falsity of the defendant's statements on the ATF Forms 4473. With respect to the counts alleging violations of 18 U.S.C. §922(a)(6) -- that the defendant falsely stated on the ATF Forms 4473 to purchase a H&K pistol and Bushmaster rifle that he was the actual purchaser when he in fact was not, the government must prove the falsity of this statement. In order to do that, the government needs to present evidence as to what happened to those firearms after the defendant obtained them (i.e., who fired the firearm, who exercised control over the firearm, where they were found during the criminal investigation, etc.).

Evidence of where the firearms were stored after the defendant fraudulently acquired them is also relevant and highly probative as proof of the false address. On September 26, 2003, law enforcement officers and agents recovered the Mossberg short-barreled shotgun from 236 Constitution Avenue, not 59 Evelyn Street (the address the defendant used on the majority of ATF Forms 4473, including the one for the Mossberg). On that date, agents of the Federal Bureau of Investigation and Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") as well as a state police officer looked for the defendant at 59 Evelyn Street. When they could not find him at that address, Trooper Sampson of Massachusetts State Police called him at the number

listed on telephone records for 236 Constitution Avenue. The defendant agreed to meet with law enforcement at the parking lot of 59 Evelyn. When the defendant arrived, he claimed to live at 59 Evelyn and another location that he refused to disclose. When asked by Special Agent Curran to see the Mossberg short-barreled shotgun, one of the firearms at issue in the indictment, the defendant refused to tell him where the firearm was stored but offered to retrieve it and bring it to the investigators. Special Agent Curran asked the defendant whether he could follow the defendant to the location at which the defendant stored the Mossberg. The defendant evidenced his disapproval of this suggestion again offering to bring the firearm to the investigators. The defendant then left the parking lot of 59 Evelyn Street. Special Agent Curran and the other investigators followed the defendant on what appeared to be a very slow ride to his true residence at 236 Constitution Avenue. When they arrived at this location, the defendant entered the apartment, refusing to grant the investigators permission to follow him inside. Once inside the agents heard the defendant clear his firearm. The defendant then opened the door and handed the Mossberg to the investigators.

    The introduction of the actual firearms is not unfairly prejudicial to the defendant. See United States v. Li, 206 F.3d 78, 84-85 (1st Cir. 2000) (although graphic testimony about

deplorable conditions on an immigrant smuggling ship and beatings of passengers had potential to inflame jury, admissible to prove conspiracy to smuggle aliens); United States v. Moreno Morales, 815 F.2d 725, 740 (1st Cir. 1987) (not "unfair" to permit jury to hear evidence pertaining to brutal shootings when they were closely intertwined with perjury offenses).  In addition to the evidence being closely intertwined with the charged offenses, it is highly probative on several elements of the crime, including the requirement that the statements be made in connection with the acquisition of a firearm and proof of falsity of the statements made on the ATF Forms 4473.

Incidentally, the government fully anticipates that the defense will attempt to argue that the violations at issue are technical in nature or in some fashion attempt to imply that the defendant's crimes are minor and do not belong in federal court. The purpose and importance of answering each question on the ATF Form 4473 twill certainly be at issue.  Accordingly, evidence establishing that the firearms at issue were dangerous weapons necessitating stringent regulations is admissible to provide the context of the crime and make a full presentation of the case to the jury.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests this Court deny the defendant's motion *in limine* to preclude the government from introducing the actual firearms, which form the basis for the false statements charged in the indictment.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ B. Stephanie Siegmann
B. STEPHANIE SIEGMANN
Assistant U.S. Attorney

Certificate of Service

I do hereby certify that a copy of the foregoing opposition was served upon Mr. Timothy Watkins by electronic notice on this 10th day of July 2006.

/s/ B. Stephanie Siegmann
B. Stephanie Siegmann
Assistant U.S. Attorney