IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SAMUEL J. LEWIS | No. 05-CR-40001 (FDS) |

**DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS AND OBJECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, defendant Samuel J. Lewis submits the following objections to the government's proposed jury instructions and requests the Court to include the following instructions in its charge to the jury. Mr. Lewis reserves the right to supplement or amend these requests as the facts and law develop during the trial.

**Government's Proposed Instruction No. 1**: Mr. Lewis requests that the Court include the adaption of Judge Keeton's instruction regarding reasonable doubt in *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997), included herein as Defendant's Request No. 3. In addition, prior to any reasonable doubt instruction, Mr. Lewis requests that the Court provide instructions on the presumption of innocence and burden of proof, included herein as Defendant's Requests Nos. 1 and 2.

**Government's Proposed Instruction No. 6**: Mr. Lewis objects to the government's request regarding prior inconsistent statements to the extent it mentions a specific prospective witness, Clarence Plant, before Mr. Plant has even testified. Mr. Lewis would not object to a generic version of the government's proposed instruction.

**Government's Proposed Instruction No. 12**: Mr. Lewis objects to this instruction because it discusses and conflates two separate elements of an offense under 18 U.S.C. § 922(a)(6): (1) the falsity of the statement, and (2) the intention or likeliness of deception. Instead, the Mr. Lewis proposes an alternative instruction, included herein as Defendant's Request No. 4, applicable to the counts under both 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 924(a)(1)(A).

**Government's Proposed Instruction No. 18**: Mr. Lewis objects to this instruction because it is premature to consider any instruction concerning past acts "similar to those charged in this case" prior to the close of evidence and prior to any determination on the admissibility of particular past acts in the first instance.

    /s/ William W. Fick
Timothy G. Watkins, Esq.
William W. Fick, Esq.
FEDERAL DEFENDER OFFICE
408 Atlantic Ave., 3d Floor
Boston, MA 02110
617-223-8061
WILLIAM_FICK@FD.ORG

Dated: July 10, 2006.

**CERTIFICATE OF SERVICE**

    I, William W. Fick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 10, 2006.

**DEFENDANT'S REQUEST NUMBER 1**

<u>PRESUMPTION OF INNOCENCE</u>

The law in the United States of America presumes every defendant to be innocent of crime. This presumption of innocence can be overcome only if the government, by means of competent evidence, convinces the jury beyond a reasonable doubt of the guilt of Mr. Lewis with respect to every element of the offenses with which he has been charged. This presumption of innocence remains with Mr. Lewis throughout the course of this trial.

*See United States v. Campbell*, 874 F.2d 838 (1st Cir. 1989); *United States v. Littlefield*, 840 F.2d 143 (1st Cir.) (recommending trial courts to make "presumption of innocence concept ... as explicit as possible"), *cert. denied*, 488 U.S. 860 (1988).

**DEFENDANT'S REQUEST NUMBER 2**

BURDEN OF PROOF

The burden of proving that the defendant is guilty is upon the government. A defendant need not present any evidence for you to find him not guilty. The presumption of innocence alone is sufficient for you to conclude after careful and impartial consideration of all the evidence that Mr. Lewis is not guilty. Mr. Lewis is not required to prove that he is innocent.

*See* First Circuit Pattern Jury Instructions, 3.02.

**DEFENDANT'S REQUEST NUMBER 3**

<u>REASONABLE DOUBT</u>

As I have said, the burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions — one that a defendant is guilty as charged, the other that the defendant is not guilty — you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you

can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

Instruction given by Judge Keeton, approved in *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997). *See also* First Circuit Pattern Jury Instructions 3.02, n. 5.

**DEFENDANT'S REQUEST NUMBER 4**

<u>WHAT CONSTITUTES A FALSE STATEMENT</u>

In order to prove that the statement was false, the government must prove beyond a reasonable doubt that it was untrue when made <u>and</u> that Mr. Lewis <u>knew</u> that it was untrue at the time that he made it. The government must prove both.

In order for the government to prove that Mr. Lewis made a false statement, it must prove that what he <u>said</u> was false. It is insufficient for the government to prove that his statement <u>implied</u> something that was not true, <u>even if he knew that the statement implied something false</u>.

First paragraph:

Adapted from Sand, Modern Federal Jury Instructions, Instruction 36-10

Second paragraph:

*See United States v. Rowe*, 144 F.3d 15, 21 (1st Cir. 1998); *United States v. Finucan*, 708 F.2d 838 (1st Cir. 1983) (reversing perjury conviction); *United States v. Al-Mohandis*, No. 04-10004-PBS, charge to the jury, given Feb. 26, 2004.