UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA      )
                              )
     v.                       )    CRIMINAL NO. 05-40001-FDS
                              )
SAMUEL J. LEWIS               )
```

<u>DEFENDANT'S SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS</u>

Defendant objects to the second sentence of the <u>Government's Proposed Instruction No. 15: Definition of Knowingly</u> as inapplicable to the facts of this case and therefore confusing to the jury.  The case on which the government relies, <u>United States v. Santiago-Fraticelli</u>, 730 F.2d 828, 831 (1st Cir. 1984), as well as the case cited by the <u>Fraticelli</u> court, <u>United States v. Wright</u>, 537 F.2d 1144, 1145 (1st Cir. 1976), both involved instances where defendants suggested that their failure to read the form at all negated the knowingly element of the statute.  Here, by contrast, defendant does not contend that he did not read the form or had it filled out by another.  Rather, the evidence will show that defendant, a native English speaker, completed and signed the form himself.  The government's theory at trial will be that Lewis intentionally submitted a wrong residence address and intentionally hid the fact that he was buying a gun for Clarence Plant.  Indeed, the government has suggested to this Court that it must be allowed to put in evidence of a motive in order to prove that the lies were

intentional. In these circumstances, an instruction that conscious disregard of the truth suffices is inapplicable and confusing.

Defendant therefore requests that Defendant's Request Number 5 be substituted for the Government's Proposed Instruction No. 15. Defendant also requests the following instructions concerning what constitutes a false statement and interpretation of questions and answers:

**DEFENDANT'S REQUEST NUMBER 5**

<u>DEFINITION OF KNOWINGLY</u>

For the government to prove that Mr. Lewis knowingly made a false statement, it must prove beyond a reasonable doubt that the statement was untrue when Mr. Lewis made it <u>and</u> that he knew that it was untrue at the time that he made it.  The government must prove both.

In regard to whether Mr. Lewis knew the statement was untrue at the time he made it, this means that the government must show that the answer, even if it was incorrect, amounted to more than simply an unintentional misstep; it must prove that he knew at the time he made the statement that the statement about his residence was untrue.

As to the counts alleging that he was not the actual purchaser, the government must show that his answer was false and that he knew it was false at the time he made it.

First paragraph:
Adapted from Sand, Modern Federal Jury Instructions, Instruction 36-10

Second Paragraph:
<u>United States v. Obiechie</u>, 38 F.3d 309, 312 (7th Cir. 1994)(the purpose of amendments to §924(a)(1) was "to ensure that law-abiding citizens would not be subject to severe criminal penalties for unintentional missteps.")

**<u>DEFENDANT'S REQUEST NUMBER 6</u>**

<u>WHAT IS A FALSE STATEMENT</u>

In order to prove that Mr. Lewis made a false statement, the government must prove that what he wrote was false.  It is not sufficient for the government to prove that his statement implied something that was not true, <u>even if Mr. Lewis knew that the statement implied something untrue</u>.  That means, if you do not find beyond a reasonable doubt that he made a statement that was false on its face, you must find Mr. Lewis not guilty.

Unless find that the statement was false, you must deliver a verdict of not guilty.  It does not matter if you find that Mr. Lewis intended to mislead.

<u>Bronston v. United States</u>, 409 U.S. 352 (1973); <u>United States v. Rowe</u>, 144 F.3d 15, 21 (1st Cir. 1998).

**DEFENDANT'S REQUEST NUMBER 7**

<u>INTERPRETING THE QUESTION AND RESPONSE</u>

In order to be a false statement, the statement must be false under any objectively reasonable interpretation of both the question and response.  Therefore if the question is open to several reasonable interpretations, the government must prove beyond a reasonable doubt that, even with the most favorable interpretation to Mr. Lewis, the answer was still false on its face.

Regarding the allegations that Mr. Lewis wrote down a residence that was not his actual residence, you must find that any reasonable interpretation of his answer was false under any reasonable interpretation of the question asking for his "Residence."  Otherwise you must find Mr. Lewis not guilty.

In regard to the allegation that he was not the actual purchaser of the H & K pistol and Bushmaster rifle, you must find that a reasonable interpretation of his answer was false under any reasonable interpretation of the question which asked if he was the actual purchaser.  Otherwise you must find him not guilty of those counts.

Bronston, supra; United States v. Hatch 434 F.3d. 1, 6 (1st. Cir. 2006)(jury instruction that "if the ... question can be interpreted in several ways, then the government has to prove that the answer is false under any reasonable interpretation."); United States v. Prigmore, 243 F.3d 1, 17 (1st Cir. 2001) ("defendants are ... entitled to have their intent assessed in the light of the interpretation of the underlying filing requirements that is most congenial to their case theory and yet also objectively reasonable."); United States v. Rowe, 144 F.3d 15, 21 (1st Cir. 1998); United States v. Finucan, 708 F.2d 838 (1st Cir. 1983) (reversing perjury conviction).

        SAMUEL LEWIS
        By His Attorney,


        /s/ Timothy Watkins
        Timothy G. Watkins
        Federal Defender Office
        408 Atlantic Ave. 3rd Floor
        Boston, MA  02110
        Tel: 617-223-8061