```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA        )
                                )
      v.                        )    CRIMINAL NO. 05-40001-FDS
                                )
SAMUEL J. LEWIS                 )
```

### RENEWED MOTION IN LIMINE
### RE: COST OF WEAPONS AND DEFENDANT'S LIMITED FINANCIAL MEANS

After review of additional discovery materials produced, defendant renews his motion to preclude the government from eliciting testimony, introducing evidence, and arguing during its closing statement any inference concerning defendant's financial situation and the aggregate amount of money spent on the firearms that are the subject of the indictment.

In response to defendant's original motion, the government argued that "defendant's financial situation, including his living arrangements in a homeless shelter" (actually a room in a Best Western hotel sponsored by Catholic Charities) "and later free housing assistance provided by the Worcester Housing Authority's ("WHA") Transitional Housing Assistance Program" provided defendant with a motive to provide a "false" residence address on the ATF forms at issue in the indictment.  The government theorized that defendant provided a "false" address in order to conceal the fact of his firearms purchases from Catholic Charities (because weapons were banned from the Best Western "shelter") and from the Worcester Housing Authority (because such

purchases would supposedly jeopardize the family's assistance). Based on this proffered motive theory, the Court denied defendant's motion without prejudice.[1]

On closer scrutiny, and as set forth more specifically below, it now has become abundantly clear that the government's motive theory lacks any reasonable basis in fact or logic. At a minimum, the Court should require the government to make an offer of proof outside the presence of the jury, subject to cross examination and rebuttal, before being permitted to introduce evidence and make arguments concerning defendant's financial condition and the aggregate value of weapons purchased.

<u>First</u>, there is no evidence to suggest, or reason to believe, that the ATF form 4473 or the information contained in it would ever be provided to anybody at Catholic Charities or WHA. Nor is there any reasonable basis to speculate that defendant would, for some unknown reason, have feared that Catholic Charities or WHA would be able to obtain this information.

<u>Second</u>, even if the government could produce evidence that information from the ATF 4473 were shared (it has not), and even if the government had reason to speculate that defendant feared such sharing of information (it does not), there still would be

---

[1] Separately, the Court granted defendant's motion in limine to exclude evidence concerning any purported failure to make timely child support payments to his ex-wife.

no motive for defendant to report a "false" residence on the form. Under the government's theory, defendant allegedly had a motive to conceal the <u>fact</u> of his firearms purchases. There is no logical reason why putting one residence address or another on the form would make the <u>fact</u> of his purchase more or less likely to come to light. Nor is there any necessary connection between the "residence" reported on form 4473 and the location where the purchased firearm is stored. In short, the "residence" information provided to ATF has no connection to any fact defendant had any possible motive to conceal.

<u>Third</u>, there is no evidence to suggest, or reason to believe, defendant actually stored firearms in the Best Western "homeless shelter" in contravention of the agreement with Catholic Charities. To the contrary, the evidence will likely show that defendant stored his firearms at his mother's apartment, 59 Evelyn Street, during the time he and his family were provided a room at the Best Western. Defendant therefore would have no motive to conceal his connection to the Best Western.

<u>Fourth</u>, lawful possession of firearms was expressly permitted under the rules of WHA transitional housing benefits. And while those rules apparently prohibited purchase of "luxury items," such items are nowhere defined. Defendant would have had no reason to believe he had to disclose firearm purchases nor any

reason to fear he would lose benefits if such purchases were disclosed.

<u>Fifth</u>, the aggregate amount of money defendant spent on firearms during the relevant period is misleading because, at the same time, defendant was actively trading-in (selling) other firearms.  For example, during the period from August 1, 2002 to August 31, 2003 (when defendant "graduated" from WHA transitional housing), the government estimates that defendant spent just over $3,000 of his own money on firearms.  During that same period, it appears that defendant also traded-in (sold) approximately $3,000 worth of firearms.  In other words, defendant's <u>net</u> expenditure on firearms during this period was nominal.  Should the government be allowed to pursue this line of testimony and evidence, the trial is likely to become mired in a thicket of evidence about the monetary value of buy and sell transactions that has little to do with the core issues in the case.

Because the government's motive theory is factually and logically implausible, evidence concerning defendant's financial condition and the aggregate value of weapons purchased lacks the "special relevance" required under Fed. R. Evid. 404(b).  At the same time, defendant would face substantial prejudice in being portrayed as financially irresponsible.  Such evidence and inferences therefrom should thus be excluded.

Respectfully submitted,

SAMUEL LEWIS
By His Attorneys,

/s/ William W. Fick
Timothy G. Watkins
William W. Fick
Federal Defender Office
408 Atlantic Ave. 3rd Floor
Boston, MA  02110
Tel: 617-223-8061
william_fick@fd.org

CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 23, 2006.