## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA )
)
)
v. )                          Criminal No.
)                              05-40001-FDS
)
SAMUEL J. LEWIS, )
)
Defendant. )
)

*Charge*
**JURY INSTRUCTIONS**

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from the evidence admitted in this case. To those facts, you must apply the law as I give it to you. The determination of the law is my duty as the judge. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.

In following my instructions, you must follow all of them, and not single out some and ignore others. They are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestion by me as to what verdict you should return— that is a matter entirely for you to decide.

## PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

Every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a fundamental principle of our system of justice.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to prove that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.

This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt. The defendant does not have to prove that he is innocent, or even present any evidence.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. You may not convict the defendant if the government fails, or is unable, to establish beyond a reasonable doubt any essential element of the crime charged against him.

You may not convict the defendant based on speculation or conjecture.

You may not convict the defendant if you decide that it is equally likely that he is guilty or not guilty. If you decide that the evidence would reasonably permit either of two conclusions—either that he is guilty as charged, or that he is not guilty—you must find the defendant not guilty.

You may not convict the defendant if you decide that it is only probable that he is guilty. A mere probability of guilt is not guilt beyond a reasonable doubt.

The law does not require that the government prove guilt beyond all possible doubt; proof

3

beyond a reasonable doubt is sufficient to convict. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Again, the defendant is presumed to be innocent, and the government bears the burden of proving him guilty beyond a reasonable doubt. If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt, it is your duty to acquit him. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt as to his guilt, you should vote to convict him.

## DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

The defendant has a constitutional right not to testify. No inference of guilt, or of anything else, may be drawn from the fact that he did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

## WHAT IS EVIDENCE; STIPULATIONS

The evidence in this case consists of the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

## INFERENCES

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the plain statements made by witnesses or contained in the documents. In other words, you are not limited solely to what you saw and heard as the witnesses testify.

You are also permitted to draw reasonable inferences from the facts, if you believe those inferences are justified in the light of common sense and personal experience. An inference is simply a deduction or conclusion that may be drawn from the facts that have been established.

Any inference you draw must be reasonable. It may not be based on speculation or conjecture.

## KINDS OF EVIDENCE; DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proved directly.

You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both. It is for you to decide how much weight to give to any evidence.

8

## WHAT IS NOT EVIDENCE

Certain things are not evidence.

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of the facts should control.

(2) Questions by lawyers, standing alone, are not evidence. Again, the lawyers are not witnesses.

(3) Objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objection or by my ruling on it.

(4) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(5) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(6) The indictment is not evidence.

9

## THE INDICTMENT

This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. The fact that the defendant has been indicted is not evidence of his guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment is not proof of anything.

An indictment may allege more than one charge against a defendant. When it does, the different charges are stated separately in what are called counts. The indictment in this case contains two sets of criminal charges, brought in seventeen counts: fifteen counts allege that the defendant made false statements or representations as to his "residence address," and two counts allege that the defendant made false or fictitious statements as to whether he was the "actual purchaser" of certain firearms.

10

## VERDICT BASED SOLELY ON THE EVIDENCE

Your verdict must be based solely upon the evidence. In reaching your decision as to whether the government has sustained its burden of proof, it would be improper for you to consider anything that is not evidence, or any personal feelings, prejudices, or sympathies you may have about the defendant or about the nature of the crime with which the defendant is charged. Similarly, you may not consider or be influenced by any possible punishment that may be imposed on the defendant. Again, your verdict must be based solely on the evidence and according to the law.

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called, or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe, considering all of the evidence and drawing upon your common sense and personal experience. You may believe all of the testimony of a witness, or some of it, or none of it.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; any apparent fairness or unfairness they may have displayed; any interest they may have in the outcome of the case; any prejudice or bias they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other evidence that tends to support or contradict their versions of the events.

12

## PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony. If a witness is shown to have given inconsistent statements concerning any material matter, you have a right to distrust that witness's testimony in other respects. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

Sometimes, of course, people make innocent mistakes, particularly as to unimportant details; not every contradiction or inconsistency is necessarily important. Again, you alone are the judges of the witnesses' credibility.

If you find that a witness has given inconsistent testimony under oath on an earlier occasion, such as before the grand jury, you may consider that earlier statement for its truth or falsity, the same as any other testimony.

13

## LAW ENFORCEMENT WITNESSES

You have heard the testimony of certain law enforcement officers. The fact that a witness may be employed as a law enforcement officer does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight than that of any other witness.

It is for you to decide, after reviewing all of the evidence, whether to accept the testimony of the law enforcement officer witnesses, and what weight, if any, to give to that testimony.

## CAUTIONARY AND LIMITING INSTRUCTIONS

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

I will now repeat two of the instructions that I gave you earlier in the trial.

You have heard evidence that the defendant may have been homeless or living in subsidized housing. There is nothing wrong with being poor, or going through financial hard times, or receiving temporary public assistance. All persons, rich and poor, are equal before the law, and you may not make any adverse or negative inferences of any kind merely from the fact that the defendant may have been homeless or living in subsidized housing.

You have also heard and seen evidence concerning the guns that the government contends were sold to Mr. Lewis. State and federal law, and the United States Constitution, permit gun ownership, so long as the applicable laws and regulations are obeyed. You are not to draw any adverse or negative inferences of any kind from the appearance of the guns themselves, and you may not convict Mr. Lewis merely because you question whether such guns should have been purchased or possessed by Mr. Lewis or anyone else.

15

## EVIDENCE OF OTHER ACTS BY DEFENDANT

You have also heard evidence that the defendant may have violated one or more rules or requirements of the Homeward Bound program of Catholic Charities or the Transitional Housing program of the Worcester Housing Authority. He is not on trial for violating any of those rules or requirements. You may not use this evidence to infer that the defendant has a bad character or is a bad person, and for that reason committed the crimes charged in this case. You may consider this evidence only for the purpose of deciding whether the defendant had the state of mind or intent necessary to commit any of the crimes charged in the indictment.

## WEAPONS EVIDENCE

The court has received in evidence certain weapons that the government contends were purchased by the defendant. Those items are in evidence, just like all the other exhibits. In accordance with the standard procedures of the court, the weapons will not be with you in the jury room when you deliberate. You may nonetheless treat those weapons as you would any other items of evidence, and consider them in the course of your deliberations. Should you desire to examine any or all of the weapons that are in evidence, please give a note to that effect to the court officer and we will make appropriate arrangements to do so.

## EXHIBIT NUMBERS

The numbers assigned to the exhibits are for convenience and in order to ensure an orderly procedure. You should draw no inference from the fact that a particular exhibit was assigned a particular number, or that there may be gaps in the number sequence.

## ELEMENTS OF THE OFFENSES—INTRODUCTION

I am now going to give you some instructions on the elements of the offenses charged in the indictment that the government must prove beyond a reasonable doubt.

The indictment contains seventeen counts, which together charge the defendant, Samuel Lewis, with two different crimes. The two types of crimes involve generally similar subject matter—that is, allegations of false statements or representations—but they are not the same.

First, the defendant is charged with knowingly making false statements and representations with respect to information required by federal law to be kept in the records of a federally-licensed firearms dealer, in violation of 18 United States Code section 924(a)(1)(A). The government contends that the false statements or representations were the defendant's written responses on certain ATF Forms 4473 concerning the defendant's "residence address." He is charged with having committed this offense on fifteen separate occasions, as set forth in Counts One, Three, Four, and Six through Seventeen of the indictment.

For the sake of simplicity, I will refer to this offense as the "Section 924 crime."

Second, the defendant is charged with knowingly making false and fictitious statements, in connection with the acquisition or attempted acquisition of any firearm from a federally-licensed dealer, which were intended to or likely to deceive the dealer with respect to a fact material to the lawfulness of the purchase, in violation of 18 United States Code section 922(a)(6). The government contends that the false or fictitious statements were the defendant's written responses on certain ATF Forms 4473 concerning the "actual buyer" of a firearm. He is charged with having committed this offense on two separate occasions, as set forth in Count Two and Count Five of the indictment.

19

For the sake of simplicity, I will refer to this offense as the "Section 922 crime."

I will now describe to you the elements of the two crimes that the government must prove in more detail.

## SECTION 924 CRIME—ELEMENTS

The Section 924 crime is this:

It is a federal crime for any person to knowingly make a false statement or representation with respect to information required by federal law to be kept in the records of a federally-licensed firearms dealer.

You may not find the defendant guilty of that offense unless you are convinced that the government has proved each of the following things beyond a reasonable doubt:

First, that the person named as such in the indictment was a federally-licensed firearms dealer at the time of the alleged offense;

Second, that the defendant made a statement or representation with respect to information that the dealer was required by federal law to keep in a record;

Third, that the statement or representation was false; and

Fourth, that the defendant made the false statement or representation knowingly.

Again, this offense is alleged to involve statements or representations by the defendant on ATF Forms 4473 concerning his "residence address."

21

## SECTION 924 CRIME—FIRST ELEMENT—"FEDERALLY-LICENSED FIREARMS DEALER"

The first element of the Section 924 crime that the government must prove is that the person named as a dealer in the indictment was a "federally-licensed firearms dealer" at the time of the alleged offense.

The term "firearm" means any weapon that will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive, such as a handgun, shotgun, or rifle.

The term "dealer" means any person engaged in the business of selling firearms at wholesale or retail.

The term "federally-licensed firearms dealer" means any firearms dealer licensed under federal law in accordance with Chapter 44 of Title 18 of the United States Code.

22

## SECTION 924 CRIME—SECOND ELEMENT—"STATEMENT OR REPRESENTATION WITH RESPECT TO INFORMATION THAT THE DEALER WAS REQUIRED BY FEDERAL LAW TO KEEP IN A RECORD"

The second element of the Section 924 crime that the government must prove is that the defendant made "a statement or representation with respect to information that the dealer was required by federal law to keep in a record."

The term "statement or representation" includes, among other things, written statements.

I instruct you that federally-licensed firearms dealers are required by federal law to obtain certain information in connection with the sale or transfer of firearms, including the "residence address" of the transferee, on ATF Form 4473. I further instruct you that such dealers are required by federal law to maintain such completed Forms 4473 in their records.

23

## SECTION 924 CRIME—THIRD ELEMENT—"STATEMENT OR REPRESENTATION WAS FALSE"

The third element of the Section 924 crime that the government must prove is that the statement or representation made by the defendant was false.

A statement or representation is false if it was untrue at the time it was made.

In order to be a false statement or representation, the statement or representation must be false under any objectively reasonable interpretation of the question—here, the requirement that the defendant state his "residence address." Thus, if the question is open to several objectively reasonable interpretations, the government must prove that the response was false under all of those interpretations, including the interpretation that is most favorable to the defendant. Any such interpretation must, however, be objectively reasonable; in other words, it must be an interpretation that a reasonable person could reach under similar circumstances. In making that determination, you should draw upon your own common sense and experience and consider the ordinary and customary meanings of the particular words used.

## SECTION 924 CRIME—FOURTH ELEMENT—MEANING OF "KNOWINGLY"

The fourth and final element of the Section 924 crime that the government must prove is that the defendant made the false statement or representation "knowingly."

"Knowingly" means that the defendant made the statement or representation voluntarily and intentionally, not because of mistake, accident, or neglect. A false statement is made knowingly if the defendant knew it was false or acted with reckless disregard for its truth or falsity.

Ordinarily, knowledge and intent may not be proved directly, because there is no way of directly scrutinizing the workings of the human mind. Knowledge and intent are generally proved indirectly.

In determining what the defendant knew or intended at a particular time, you may consider any statements he may have made; anything that he did, or failed to do; and any other fact received in evidence that may reflect his knowledge or intent.

25

## SECTION 922 CRIME—ELEMENTS

The Section 922 crime is this:

It is a federal crime for any person to knowingly make a false or fictitious statement, in connection with the acquisition or attempted acquisition of any firearm from a federally-licensed dealer, which was intended to or likely to deceive the dealer with respect to a fact material to the lawfulness of the purchase.

You may not find the defendant guilty of that offense unless you are convinced that the government has proved each of the following things beyond a reasonable doubt:

First, that the person named as such in the indictment was a federally-licensed firearms dealer at the time of the alleged offense;

Second, that the defendant made a statement in connection with the purchase or attempted purchase of a firearm from that dealer;

Third, that the statement was false or fictitious;

Fourth, that the defendant made the false or fictitious statement knowingly; and

Fifth, that the false or fictitious statement was intended to, or was likely to, deceive the dealer with respect to a fact material to the lawfulness of the purchase.

Again, this offense is alleged to involve statements by the defendant on ATF Forms 4473 concerning the "actual buyer" of certain firearms.

## SECTION 922 CRIME—FIRST ELEMENT—"FEDERALLY-LICENSED FIREARMS DEALER"

The first element of the Section 922 crime that the government must prove is that the person named as a dealer in the indictment was a "federally-licensed firearms dealer" at the time that the defendant is alleged to have committed the crime. This element is the same as the first element of the Section 924 crime.

The term "firearm" means any weapon that will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive, such as a handgun, shotgun, or rifle.

The term "dealer" means any person engaged in the business of selling firearms at wholesale or retail.

The term "federally-licensed firearms dealer" means any firearms dealer licensed under federal law in accordance with Chapter 44 of Title 18 of the United States Code.

27

## SECTION 922 CRIME—SECOND ELEMENT—MEANING OF "MADE A STATEMENT IN CONNECTION WITH THE PURCHASE OR ATTEMPTED PURCHASE"

The second element of the Section 922 crime that the government must prove is that the defendant "made a statement in connection with the purchase or attempted purchase" of a firearm from that dealer.

The term "statement" includes, among other things, written statements.

28

## SECTION 922 CRIME—THIRD ELEMENT—MEANING OF "FALSE OR FICTITIOUS"

The third element of the Section 922 crime that the government must prove is that the statement was false or fictitious.

A statement is "false or fictitious" if it was untrue when it was made.

In order to be a false or fictitious statement, the statement must be false or fictitious under any objectively reasonable interpretation of the question—here, the requirement that the defendant state whether he was the "actual buyer" of the firearm. Thus, if the question is open to several objectively reasonable interpretations, the government must prove that the response was false or fictitious under all of those interpretations, including the interpretation that is most favorable to the defendant. Any such interpretation must, however, be objectively reasonable; in other words, it must be an interpretation that a reasonable person could reach under similar circumstances. In making that determination, you should draw upon your own common sense and experience and consider the ordinary and customary meanings of the particular words used.

29

## SECTION 922 CRIME—FOURTH ELEMENT—MEANING OF "KNOWINGLY"

The fourth element of the Section 922 crime that the government must prove is that the defendant made the false or fictitious statement "knowingly."

"Knowingly" means that the defendant made the statement voluntarily and intentionally, not because of mistake, accident, or neglect. A false or fictitious statement is made knowingly if the defendant knew it was false or acted with reckless disregard for its truth or falsity.

Ordinarily, knowledge or intent may not be proved directly, because there is no way of directly scrutinizing the workings of the human mind. Knowledge and intent are generally proved indirectly.

In determining what the defendant knew or intended at a particular time, you may consider any statements he may have made; anything that he did, or failed to do; and any other fact received in evidence that may reflect his knowledge or intent.

30

## SECTION 922 CRIME—FIFTH ELEMENT—MEANING OF "MATERIAL" AND "INTENDED TO, OR WAS LIKELY TO, DECEIVE"

The fifth and final element of the Section 922 crime that the government must prove is that the false or fictitious statement was "intended to, or was likely to, deceive the dealer with respect to a fact material to the lawfulness of the purchase."

A false or fictitious statement is "likely to deceive" if the nature of the statement, considering all of the surrounding circumstances at the time it is made, would probably mislead or deceive a reasonable person of ordinary prudence.

A "material" fact is one that has a natural tendency to influence, or to be capable of influencing, the decision of the dealer to sell the firearm to the buyer.

To be material, it is not necessary that the statement in fact influenced or deceived the person to whom it was made or directed. The government is not required to prove that anyone actually relied upon the false or fictitious statement, so long as it proves beyond a reasonable doubt that the statement concerned a matter that a reasonable person of ordinary prudence might have considered important.

31

## "ON OR ABOUT" EXPLAINED

The indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

32

## EACH COUNT TO BE CONSIDERED SEPARATELY

You must render a verdict as to each count charged. You must consider each count separately, and determine whether, according to the evidence, the government has proved that count beyond a reasonable doubt.

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire, you will discuss the case with other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous—that is, all of you must agree on the verdict.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. It is important, therefore, that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## RETURN OF VERDICT FORM

I want to explain to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

**[The court explains the verdict form.]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.