UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-40001-FDS |
| | ) | |
| SAMUEL J. LEWIS | ) | |

**MOTION FOR JUDGMENT OF ACQUITTAL OR ALTERNATIVELY FOR NEW TRIAL**

Pursuant to Fed. R. Crim. P. 29(c) and 33, defendant Samuel Lewis moves for a judgment of acquittal after verdict or, alternatively, for a new trial in this matter.  The relief sought in this motion is warranted for the following reasons:

1.   **The Government, Both In Its Opening Statement and Closing Argument, Improperly Urged the Jury to Convict Defendant Because He had Received Financial Assistance From the Worcester Housing Authority and Shortly Before He Purchased One of the Firearms**.

The Court, over defendant's objection, allowed the government to introduce substantial evidence concerning defendant's finances.  The Court admitted the evidence on the government's representation that the evidence was relevant to whether defendant had a motive to misstate his residence address.  The government's theory was that defendant could have feared he would lose the benefits of the housing program if, by using 236 Constitution Ave. as the Residence Address during the gun purchases, that information fell into the hands of the staff of the program.

The government's presentation of the evidence and argument went far beyond this limited purpose.  A specific highlight of the government's opening statement, direct examination of Laurie Krushefsky, and closing argument to the jury was the temporal proximity and monetary similarity of a tuition grant made by Krushevsky to the purchase of the Mossberg shotgun.  Given the limited purpose for which <u>any</u> evidence of finances was admitted - that defendant might have been afraid of losing benefits and so misstated his residence address - the government's repeated linking of the grant and the purchase of the weapon was completely irrelevant and could only have been designed to inflame the jury.  See <u>United States v. Aguilar-Aranceta</u>, 58 F.3d 796, 801 (1st Cir. 1995)(noting likelihood of misuse of powerful impermissible inference where government made prior bad act evidence central issue of case).

This Court has broad discretion to grant a new trial motion. <u>United States v. Rothrock</u>, 806 F.2d 318, 321 (1st Cir. 1986) ("motions for a new trial are directed to the discretion of the trial court")(citations omitted).  Indeed, "[a] district court's power to order a new trial is greater than its power to grant a motion for acquittal." <u>United States v. Ruiz</u>, 105 F.3d 1492, 1501 (1st Cir. 1997).  Prosecutorial misconduct during trial that prejudices a defendant is a recognized ground for the granting of a new trial.  <u>United States v. Schneider</u>, 157 F.Supp.2d 1044,

1070-71 (N.D. Iowa 2001). Here, the government's repeated suggestion that the grant was turned around to fund the purchase of the weapon so infected this trial with unfairness as to make the resulting conviction a denial of due process warranting a new trial. Id. (prosecutor's statement made during rebuttal closing argument, alone, as well as the cumulative effect of the other instances of imprudent conduct, so infected the trial with unfairness as to make the resulting conviction a denial of due process). The Court should order a new trial.

2.   **The Jury's Verdict that Defendant's Use of His Former Address of 2 Fairlawn Dr. and His Mother's Address of 50 Evelyn St. As His "Residence Address" Was Unreasonable Is Against the Weight of the Evidence Given the Ambiguity of the Question, the Failure of the Government to Present Any Evidence of an Officially Recognized Meaning of the Term, and the Court's Conflicting Instruction that Residence Was to Be Given Its Ordinary and Customary Meaning.**

Defendant moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 at the close of the government's case and renewed it at the close of defendant's case. Defendant now renews that motion again and alternatively moves for a new trial as the jury's verdict was against the weight of the evidence.

In order to convict on the counts alleging a violation of 18 U.S.C. §924(a)(1)(A), the jury was required to conclude beyond a reasonable doubt that defendant's use of the address was unreasonable. The undisputed evidence at trial was that no regulation, statute or instruction defined the term "Residence

Address" as it was to be interpreted on the form.  Moreover, it was undisputed at trial that after the period during which defendant filled out the forms ATF amended the question to ask for "Current Residence Address."  Given this undisputed evidence, the jury's determination that the answers given were unreasonable was against the weight of the evidence.

Indeed, the term "residence" as a matter of law is inherently ambiguous, susceptible of multiple meanings, and not necessarily synonymous with the place where one currently lives or sleeps.  See, e.g., Stoner v. Stoner, 780 F.2d 1414, 1417 (8th Cir. 1986) (holding that insurance contract covering dependents who lived with an insured did not cover dependents whose residence was with the insured, but whose current living address was elsewhere); Blanchard v. Peerless Ins. Co., 958 F.2d 483, 492 (1st Cir. 1992) (finding that residence can exist without physical presence); Cohen v. United States, 297 F.2d 760, 774 (9th Cir. 1962) ("[o]ne does not change his residence to prison by virtue of being incarcerated there").  Moreover, federal statutes and regulations recognize this distinction.  For example, 42 U.S.C. § 14071(a)(1) (sex offender registration) and 50 App. U.S.C. § 465 (selective service registration) expressly require the "current address" where a person actually lives, not his or her "residence."  In contrast, form 4473 requires only a "residence" address that is "not a Post Office Box").  In other

words, where an actual current living address is required, both Congress and executive agencies know how to require that information specifically, which they did <u>not</u> do in connection with reporting for firearms purchases.

The evidence was undisputed that defendant provided a valid residence address on the form – not a P.O. Box or location in a vacant lot – to which he had actual and substantial <u>permanent</u> connections, in contrast to the expressly "temporary" and "transitional" housing where he slept at night.  The jury's apparent determination that defendant's failure to identify the place where he would be spending the night after filling out each 4473 amounts to a false statement cannot be squared with the inherent ambiguity of the word "residence" and the weight of the evidence taken as a whole.

The jury's decision also was hampered by the jury instruction, requested by the government over defendant's initial objection, that the phrase be given its customary and ordinary meaning.  There was simply no evidence that the phrase was anything other than a specific term of art requested by the form itself.  In these circumstances, the instruction created confusion for the jury concerning how to evaluate the term and defendant's answer to it.  In addition, the jury's decision was hampered by the court's refusal, over defendant's objections, to issue defendant's proposed instruction concerning "false

implication". A new trial must be ordered. See <u>United States v. Della Rose</u>, 278 F.Supp.2d 928 (N.D. Ill. 2003)(new trial warranted in the alternative where government failed to prove - and instruction failed to adequately address - essential element of the charge).

REQUEST FOR HEARING

Defendant respectfully requests a hearing on this motion.

```
                              SAMUEL J. LEWIS
                              By his attorneys,

                              /s/ William W. Fick
                              Timothy G. Watkins
                                 B.B.O. # 567992
                              William W. Fick
                                 B.B.O. # 650562
                              Federal Defender Office
                              408 Atlantic Ave. 3rd Floor
                              Boston, MA  02210
                              Tel: 617-223-8061
```

CERTIFICATE OF SERVICE

I, William W. Fick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 9, 2006.

```
                              /s/ William W. Fick
                              William W. Fick
```