UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-40001-FDS |
| | ) | |
| Samuel J. Lewis | ) | |
| a/k/a Shaheed Lewis | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT
OF ACQUITTAL OR ALTERNATIVELY FOR NEW TRIAL**

The United States of America, by and through its undersigned attorneys, files this memorandum in opposition to the Defendant's motion for judgment of acquittal and alternatively for new trial. Defendant's motion should be denied for two reasons.

First, when a defendant seeks judgment of acquittal under Fed. R. Crim. P. 29(c), "the test is whether, taken as a whole and viewed in light most favorable to the government, the evidence and all legitimate inference to be drawn therefrom, would support a rational trier of fact's finding of guilt beyond a reasonable doubt." United States v. Martinez, 922 F.2d 914, 923 (1st Cir. 1991) (quoting Jackson v. Virginia, 443 U.S. 307, 219 (1979)).  As discussed in more detail below, the government presented ample evidence from which the jury could conclude beyond a reasonable doubt that, on 15 separate occasions between August 2002 and September 2003, the defendant Samuel Lewis (the "defendant" or "Lewis")  knowingly made false statements

1

concerning his "residence address" on ATF Forms 4473, forms that

federally licensed firearms dealers are required by federal law

to keep.  Accordingly, the Defendant's motion for judgment of

acquittal should be denied.

Second, the defendant is not entitled to a new trial under

Fed. R. Crim. P. 33(a).  "The remedy of a new trial is rarely

used; it is warranted 'only where there would be a miscarriage of

justice' or 'where the evidence preponderates heavily against the

verdict.'"  United States v. Andrade, 94 F.3d 9, 14 (1st Cir.

1996) (quoting United States v. Indelicato, 611 F.2d 376, 386

(1st Cir. 1979)).  The defendant alleges that the government

committed misconduct when it made isolated statements in its

opening statement and closing argument comparing evidence of the

defendant's request for tuition assistance from the Worcester

Housing Authority Transitional Housing Program to defendant's

purchase of a Mossberg short-barreled shotgun made two weeks

later.  As described below, this argument has no merit and fails

to meet the high standard for invoking the extraordinary remedy

of a new trial.

Lewis' motion also reiterates arguments he made to the jury,

which the jury rejected.  Indeed, the jury's verdict was

supported by very substantial evidence of Lewis' intentional

pattern of making false statements to the federally licensed

firearms dealers regarding his "residence address."  During the

trial, it was undisputed that (1) in August 2002, during the acquisition of two pistols, the defendant stated on ATF Forms 4473 that his residence address was 2 Fairlawn Drive, Worcester, a house he previously rented and moved out of in January 2002, and (2) on 13 other ATF Forms 4473 executed by the defendant between November 2002 and September 2003, he used his mother's address at an elderly and disabled federally subsidized development as his residence address.  Contemporaneously with, and in direct contradiction of the statements made during, these firearm purchases, Lewis used his real or true residence addresses (50 Oriol Street, Worcester, MA from June-October 2002 and 236 Constitution Street, Worcester, MA from October 2002- October 2003) on documents related to his applications for public housing through the Worcester Housing Authority and his claimed entitlement to a $5,000 tax refund in correspondence with the Internal Revenue Service.  For these reasons, the Defendant's motion for new trial should also be denied.

I.    **GOVERNMENT DID NOT URGE JURY TO CONVICT ON IMPROPER BASIS ENTITLING DEFENDANT TO NEW TRIAL.**

The government's arguments during its opening and closing were squarely within the parameters set by the Court in its rulings on the defendant's motion *in limine*.  Prior to trial, defendant filed a motion *in limine* precluding the government from presenting evidence of the defendant's limited financial means under Fed. R. Evid. 404(b).  The government opposed this motion

on two grounds.  First, the government argued that evidence about

where the defendant was living (including, circumstances

surrounding how those living arrangements were obtained, rules

and regulations governing those living arrangements, and

financial benefits provided to the defendant as a result of these

living arrangements) during the firearm transactions at issue was

admissible as evidence intrinsic to the crimes and therefore, not

governed by Rule 404(b).  Second, the government argued that the

defendant's financial condition and the financial benefits he

obtained for himself and his family through Worcester Housing

Authority's Transitional Housing Program ("WHA/THP"), free rent

and financial assistance including tuition assistance,

established a motive for the defendant to knowingly lie on the

ATF Forms 4473 at issue.  Although the Court reserved final

judgment until trial, it indicated that it believed that this

proffered evidence had "special relevance" and was not

substantially outweighed by the danger of unfair prejudice.

During trial, the government admitted over the defendant's

objection evidence of the defendant's limited financial means,

including his request for tuition assistance made two weeks prior

to his purchase of the Mossberg short-barreled shotgun.

Throughout the trial and immediately after the closing arguments,

the Court issued curative and limiting instructions to the jury

regarding the proper use of the 404(b) evidence regarding the

defendant's financial situation and violation of Worcester

Housing Authority housing rules.

As a result of the Court's preliminary ruling, in its

opening, after describing the statements made by the defendant on

the ATF Forms 4473 at issue, the government described to the jury

the facts it expected to prove at trial regarding the defendant's

living arrangements at the relevant periods of time, including

his application for housing at the WHA/THP and the requirements

of that program (*e.g.,* staying at apartment every night and

participation in budget meetings).  The government further told

the jury that when "the defendant needed money" during April and

May 2003, the same period of time that he stated he lived at 59

Evelyn Street, Worcester, on several ATF Forms 4473, including

one for a Mossberg short-barreled shotgun, he reported his

address was 236 Constitution Avenue, Worcester, citing to the

defendant's request for tuition assistance from the WHA/THP and

defendant's request for a tax refund of several thousand dollars.

The government did note in its opening that the Mossberg,

purchased two weeks after the defendant requested financial

assistance from the WHA/THP, cost approximately the same amount

as the tuition assistance he obtained from the WHA/THP.

In its closing, the government made similar statements in

its closing that "when the defendant needed money he knew where

he lived" again citing to the request for tuition assistance and

claim of entitlement of a tax refund of $5,000.  In making this

argument, the government again highlighted the temporal proximity

between the defendant's request for tuition assistance from

WHA/THP on April 30, 2003.  In so doing, the government argued

that when the defendant made the tuition assistance request, he

implicitly represented he lived at 236 Constitution, but two

weeks later on May 13, 2003, when he purchased the Mossberg, he

stated on the ATF Form 4473 that he lived at a completely

different address, 59 Evelyn Street, Worcester.  It its closing,

the government also restated what was already presented in

evidence over defense objection -- that the cost of the Mossberg

was similar to the amount of tuition assistance provided by the

WHA/THP.  This evidence was consistent with the motive evidence

presented through the testimony of Laurie Krushefsky.  Krushefsy

testified that she was concerned about the defendant's failure to

save money during the program and she asked the defendant about

how he was spending his money.  At no time, did he tell her about

his multiple firearm purchases.  Further, Krushefsky testified

that if she known that he purchased multiple firearms that would

have been "a big reg flag for her" and could have resulted in his

termination from the program.

    Despite defendant's meritless assertions to the contrary,

the government did not urge the jury to convict on an unfair

basis or commit any misconduct which warrants granting the

defendant a new trial.  During the trial, the government simply

explained to the jury the circumstances surrounding the

defendant's firearm purchases and evidence that the defendant

"knowingly" lied when he used the address 59 Evelyn Street on the

ATF Forms, including his motive to lie.  Moreover, when the

government made the allegedly improper and highly inflammatory

arguments concerning the "temporal proximity and monetary

similarity of a tuition grant made by Krushefsky to the purchase

of the Mossberg shotgun" (D. Mot. at 2), in its opening statement

and closing, the defendant did not object.  Nor did the defense

object immediately following the government's opening or closing.

The Court also gave the jury multiple limiting instructions

throughout the trial and in its final instructions about the

proper use of the 404(b) evidence eliminating any risk that this

evidence would be improperly used by the jury.

**II.   MOTION FOR ACQUITTAL AND NEW TRIAL NOT WARRANTED WHERE
       EVIDENCE PLAINLY SUPPORTED JURY'S VERDICT AND JURY
       INSTRUCTIONS WERE PROPER.**

The jury's verdict is supported by the compelling, indeed

almost overwhelming, evidence of the defendant's pattern of

knowingly making false statements during his acquisition of 16

firearms regarding his residence address.  During the first two

transactions in August 2002, the defendant used a false

residential address of "2 Fairlawn Drive," a place with which he

had no connections and moved out of six months earlier.

Subsequently, in November 2002, the defendant started using his
mother's address at elderly and subsidized housing as his
residence address although the evidence, including testimony of
his own brother, established that the defendant did not in fact
live there and he knew, through conversations with his mother,
that he had could not legally live there.  Based upon this
evidence, the jury concluded that it was therefore objectively
unreasonable for the defendant to use these addresses on the ATF
Forms 4473 at issue.

There is no basis for ordering a judgment of acquittal.  Nor
have the prerequisites for a new trial been met.  The defendant's
principal argument supporting his request for a judgment of
acquittal and new trial is that the term "residence address" is
inherently ambiguous and the "jury's determination that the
answers were unreasonable was against the weight of the
evidence."  D. Mot. at 3-4.  This argument is erroneous on at
least two grounds.

First, there was no testimony that the term "residence
address" at applied to the factual circumstances of this case was
inherently ambiguous.  All 5 firearms dealers that testified
stated that they had never personally been any questions about
the term "residence address" as used on the ATF Form 4473.  Nor
was there any evidence that the defendant had any questions about
the meaning of this term.  Furthermore, two firearms dealers,

Peter Dowd of Village Gun Shop and Paul Adams of Sparky's Gun Shop, and Jeffrey Patterson, a former employee of the Gun Room in Shrewsbury, defined the term "residence address," as used in the Form 4473 used in 2002-2003, in precisely the same manner -- the customer's "current address."  Despite the defendant's assertions to the contrary, the evidence at trial clearly established that the minor changes to the Form 4473 in 2005 (to add the word "current" to modify the term "residence address" and formatting modifications so to avoid customers from forgetting to include their county in their "residence address"), did not change the meaning of the term "residence address."  The practice of the firearms dealers did not change.

Second, as the Court instructed the jury, the standard by which the defendant's false statement is measured is that of objectively reasonableness: "the statement or representation must be false under any objectively reasonable interpretation of the question."  Jury Instr. at 24.  Using such a standard, based upon compelling evidence, the jury rejected the defendant's argument that "he provided a valid residence address on the form." Def. Mot. at 5.

Lastly, the defendant finds error with two of the jury instructions: (1) that the Court instructed the jury that they could consider the ordinary and customary meaning of the term

"residence address";[1] and (2) the Court's failure to include the
concept of negative implication in its instruction on the
definition of false statement.  Unlike terms used in the Internal
Revenue Code or bankruptcy petitions (at issue in cases cited by
the defendant's proposed jury instructions), the term "residence
address" is not a specific term of art requiring a complicated
definition.  Consequently, no definition was provided of this
term in form itself or any ATF regulation.  During everyday life,
individuals are routinely asked this question on forms related
to, among other things, work, school, finances, or medical
treatment.  It was therefore completely appropriate to allow the
jury to consider their life experiences in deliberating on this
issue.  Similarly, the answer to the question "what is your
residence address," leads to only one conclusion -- the response
is the purchaser's residence address.  There is no negative
implication made by a responsive answer such as those provided by
the defendant to this simple question.  Accordingly, the Court's
refusal to issue defendant's proposed instruction concerning
"false implication" was proper under the circumstances of this
case.

---

[1]The government does not recall the defendant ever objecting
to this portion of this instruction but assumes for argument that
the defendant made such an objection.

## CONCLUSION

WHEREFORE, for the reasons set forth above, and the evidence submitted to the jury having been sufficient to support a conviction of counts 1, 3-4, 6-17 of the Indictment as amended, the Government respectfully requests that the Defendant's motion for judgment of acquittal or alternatively for new trial be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ B. Stephanie Siegmann
    B. Stephanie Siegmann
    David Hennessy
    Assistant U.S. Attorneys

Dated: August 23, 2006

### Certificate of Service

I do hereby certify that a copy of the foregoing opposition was served upon Mr. Timothy Watkins by electronic notice on this 23rd day of August 2006.

/s/ B. Stephanie Siegmann
B. Stephanie Siegmann
Assistant U.S. Attorney