[LEAVE TO FILE GRANTED ON JANUARY 4, 2007]
UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-40001-FDS |
| | ) | |
| SAMUEL J. LEWIS | ) | |

DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

Defendant, Samuel Lewis, submits this supplemental memorandum to bring to the Court's attention an additional recognized departure ground and directly relevant case law not previously unearthed by defendant.  Specifically, should the Court accept the Probation Department's position that the advisory guideline sentencing range applicable to Lewis's conduct is nominally 41-51 months, Lewis submits that departure from that range to a sentence of time served is warranted pursuant to U.S.S.G. § 5K2.11 as well as by the grounds previously set forth in defendant's sentencing memorandum.

**ARGUMENT**

**DEPARTURE PURSUANT TO U.S.S.G. § 5K2.11 IS WARRANTED BECAUSE LEWIS'S CONDUCT IN ATTEMPTING TO LEGALLY POSSESS AND USE THE MOSSBERG IN A NON-CRIMINAL WAY DID NOT CAUSE OR THREATEN THE HARM OR EVIL SOUGHT TO BE PREVENTED BY THE NATIONAL FIREARMS ACT.**

The undisputed testimony at trial established that Lewis purchased, traded, and kept all of the firearms at issue, including the Mossberg "any other weapon" purchased through Clarence Floyd, for lawful sporting and collection purposes and

that the firearms when used were fired exclusively at target ranges following accepted and rigorous safety practices.[1]

U.S.S.G. § 5K2.11, entitled "Lesser Harms," is a Sentencing Commission Policy Statement containing an encouraged departure ground. United States v. Carvell, 74 F.3d 8, 11-12 (1st Cir. 1996)(U.S.S.G. § 5K2.11 is an encouraged departure ground once factual predicate has been established).  The relevant portion of the policy statement notes that in some instances "conduct may not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue."  Id.  At least two courts of appeal have recognized that § 5K2.11 authorizes a substantial departure where, as here, the actual conduct in possessing National Firearms Act weapons, while technically illegal, did not accord with the "harm or evil" sought to be proscribed by the broad reach of the statue.  Those courts recognized that the aim of the statue was to prevent violent crimes and loss of human life; thus a lack of criminal motive or

---

[1] As discussed more fully in defendant's sentencing memorandum, the Lewis's conduct fits squarely into the so-called "sporting exception" to the higher base offense levels otherwise applicable. See U.S.S.G. § 2K2.1(b)(2)(providing for a base offense level of six (6)) & comment. (n.7)(discussing factors relevant to the determination of whether the sporting exception applies). The sporting exception is unavailable, however, if the offense involves a National Firearms Act weapon.  Thus, had Lewis not purchased the Mossberg (the only National Firearms Act weapon he ever owned), he would be subject to a guideline sentencing range of 0-6 months.  Thus the net result of this one purchase is to increase the guideline sentencing range from probation to 41-51 months.

intent to use a National Firearms Act weapon in a criminally violent way constituted a basis for departure. United States v. White Buffalo, 10 F.3d 575, 576-77 (8th Cir. 1993)(affirming lesser harms departure because harm or evil that 18 U.S.C. § 5861(d) seeks to prevent "is violent crimes and loss of human life," not reasonable use); United States v. Hardaway, 998 F.2d 917, 920 (11th Cir. 1993) (remand for consideration of § 2K2.11 departure because departure authority clear where possession of sawed-off shotgun - one item amongst a large collection of guns - was for reasonable purposes and defendant demonstrated no intent to use it in criminal fashion).[2]

In White Buffalo, the defendant was convicted of possession of unlawful possession of an unregistered short-barreled rifle that was subject to the National Firearms Act. Id. at 575. The defendant testified that he used the gun to kill vermin, and that he had sawed off the rifle to make it easier to handle in close quarters. Id. At sentencing, the district court downwardly departed pursuant to § 5K2.11 to a sentence of three years

---

[2]It is worth remembering, of course, that Lewis was never charged with the more serious crime of illegal possession of the Mossberg (or of any of the weapons he possessed); rather, the counts of conviction focus only on the mis-statements of residence address, regardless of his intent to deceive anyone. Nevertheless, the guideline at issue is propelled by reference to 18 U.S.C. § 5861 to the 41-51 month range just as it would be if he were charged with illegal possession of the Mossberg. It is for this reason that cases addressing the more serious offense of illegal possession of National Firearm Act weapons made criminal by § 5861 are relevant to departure analysis.

probation, finding that White Buffalo did not use the gun in a violent or offensive way and that therefore his actions were not the kind of misconduct and danger sought to be prevented by the gun statute. Id. at 576. The district court reasoned that 18 U.S.C. § 5861 was designed to protect people from crime and violence and not to restrict the lawful use of weapons. Id.

The government appealed, arguing that § 5K2.11 can never apply to possession of National Firearms Act weapons. Id. The Eighth Circuit rejected the government's argument and affirmed the departure, noting that the guideline itself authorizes departure for possession that is technically unlawful:

> As an example of a situation to which § 5K2.11 applies, the guideline points to "a war veteran's possession of a machine gun or grenade as a trophy." Given this example, the sentencing commission must have envisioned departures under § 5K2.11 when an illegal weapons is not possessed for an unlawful purpose. Indeed, the legislative history shows the "harm or evil" the law seeks to prevent is violent crimes and loss of human life.

Id. at 576-77 (citing H.R. Rep. No. 1577, 90th Cong., 2d Sess., reprinted in 1968 U.S.C.C.A.N. 4410, 4412-13).

In United States v. Hardaway, the defendant consented to a search of his home where a short-barreled shotgun was found. Id. at 919. He argued at sentencing that the circumstances of his possession of the shotgun - he acquired it in trade for building material and was not sure it worked - were atypical and not what Congress intended in providing for the stricter penalties under

the National Firearms Act.  <u>Id.</u>  Th district court believed it had no discretion and refused to depart.  <u>Id.</u>  The Court of Appeals reversed, crediting the defendant's argument that possession of a "sawed-off shotgun for reasonable purposes with no intent to use it in the fashion that our gun laws are designed to deter."  <u>Id.</u> at 919-20.  The Eleventh Circuit noted the wide range of conduct reached by the gun control and National Firearms Acts and held that the district court had clear authority, pursuant to § 5K2.11, to take into account the circumstances and intent involved in possession of a National Firearms Act weapon, including whether the violation involved the inherent lethality and potential for use in criminal activity.  <u>Id.</u> at 920 & n.5.

Lewis's conduct here is exactly the kind of technical violation that Eighth Circuit recognized in <u>White Buffalo</u> and the Eleventh Circuit identified in <u>Hardaway</u>.  Indeed, Lewis's conduct was more quintessentially technical than the conduct in either <u>White Buffalo</u> or <u>Hardaway</u>: unlike those defendants, Lewis's purchase and possession of the Mossberg was accomplished through entirely proper channels and was properly registered - albeit with a technically incorrect residence address - with the Bureau of Alcohol Tobacco and Firearms.[3]  Consequently, Lewis's conduct

---

[3] Clarence Floyd testified that it was he - a specialist in the sale of National Firearms Act weapons - who walked Lewis through each and every step of the sale approval process, which included the requirement of a special background check, a waiting period, and specific dispensation from ATF.

here does not, as was the case in White Buffalo or Hardaway, concern a prohibition to owning the firearm at issue; rather, the offense was a minor violation of the record-keeping aim of the statute.

Most importantly here, as was the case in White Buffalo and Hardaway, the evidence is undisputed that Lewis's possession of the Mossberg, while technically illegal because of his failure to include his current residence address, was for a reasonable purpose and bereft of any intent to use the weapon in a criminal fashion. The Court should therefore find - as did the Courts of Appeal in White Buffalo and Hardaway - that the harm or evil sought to be vindicated by the statute and its accompanying high guideline is simply not present in Lewis's conduct in the circumstances of this case. Rather, the harm or evil targeted by the government in Lewis's case is untruthfulness in filling out a government form.

The lesser harm involved in Lewis's conduct is adequately captured by the base offense level of six (6) that would apply to technical violations of the firearms statutes. See U.S.S.G. § 2K2.1(b)(2)(directing a base offense level of six (6) if a defendant "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms"). See generally U.S.S.G. §2K2.1, comment. (n.5)(providing for

departure, in certain circumstances, to a base offense level of six to reflect the minor nature of the violation where a defendant does not seek to avoid firearms law or intend any other underlying unlawful purpose).

Departure is therefore warranted and a sentence of thirteen (13) days is appropriate to reflect the seriousness of the offense. White Buffalo, supra, 10 F.3d at 577 (departure from level fifteen to level eight on the basis of § 5K2.11 alone reasonable).

## CONCLUSION

For the foregoing reasons, as well as for and in combination with the reasons set forth in defendant's sentencing memorandum, this Court should impose a sentence of time served - thirteen (13) days - with a three-year period of supervised release to follow. The Court should impose no fine.

SAMUEL J. LEWIS
By his attorney,

/s/ Timothy Watkins
Timothy Watkins
 B.B.O. #567992
Federal Defender Office
408 Atlantic Ave., Third Floor
Boston, MA  02110
(617) 223-8061

<u>CERTIFICATE OF SERVICE</u>

    I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), as well as to United States Probation Officer Jennifer Sinclair by electronic mail, on January 4, 2007.

                                                /s/ Timothy G. Watkins
                                                Timothy G. Watkins